1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                          WESTERN DISTRICT OF WASHINGTON

9                                      AT SEATTLE

10   DAVID HANSON, individually and on behalf
     of all others similarly situated,
11
                             *Plaintiff*,
12
     v.                                              Case No.
13
     MGM RESORTS INTERNATIONAL, a                    **COMPLAINT—CLASS ACTION**
14   Delaware corporation, and COSTCO
     WHOLESALE CORPORATION, a Delaware               **JURY DEMAND**
15   corporation,
16                           *Defendants*.
17

18        Plaintiff David Hanson brings this lawsuit against MGM Resorts International ("MGM")

19   and Costco Wholesale Corporation ("Costco") for selling and issuing gift cards for use at

20   MGM's hotels, resorts, and casinos without making the required pre-sale disclosures, and for

21   levying unlawful fees on consumers who purchased the gift cards. Plaintiff, on behalf of himself

22   and all others similarly situated, alleges as follows based upon personal knowledge as to himself

23   and his own acts and experiences and, as to all other matters, upon information and belief,

24   including investigation conducted by his attorneys.

25
26
27

COMPLAINT

## NATURE OF THE ACTION

1.      MGM is a hospitality and entertainment company based in Las Vegas, Nevada, that generates billions of dollars in revenue from its assorted casinos and hotels.

2.      Costco is a membership-based wholesale club that sells an assortment of goods and services.

3.      Both MGM and Costco sold gift cards—redeemable only at MGM's hotels, resorts, and casinos—directly to consumers (the "MGM Gift Card").

4.      State and federal laws require that parties selling gift cards provide consumers with specific disclosures to ensure that consumers are aware of their rights, obligations, and any fees associated with the gift cards prior to their purchase.

5.      Those required disclosures include, *inter alia*, applicable inactivity fees— including the amount, frequency, and conditions that must be met before such fees can be levied against the purchaser of a gift card.

6.      Here, the MGM Gift Cards sold by MGM and Costco failed to provide the accurate presale disclosures required by State and federal laws—and went so far as to misrepresent what terms were actually controlling.

7.      Specifically, Defendants warranted that inactivity fees would only be incurred on cards that had not been used within eighteen months of a date printed on each MGM Gift Card, yet inactivity fees were actually assessed against the cards after just twelve months of non-use, and in excess of the maximum fees allowed by State law.

8.      As a result of Defendants misrepresenting and failing to disclose the actual terms of the MGM Gift Cards, Plaintiff and numerous other consumers incurred substantial—and unlawful—inactivity fees, often without the knowledge that such fees would be incurred.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL: 2016.682.5600 • FAX 206.682.2992

9.      As such, Plaintiff brings this class action to require Defendants to make the disclosures required by law before the sale of any additional MGM Gift Cards, prohibit Defendants from levying additional unlawful and improper inactivity fees against consumers, and awarding damages to Plaintiff and other similarly situated individuals.

## PARTIES

10.      Plaintiff David Hanson is a citizen of the State of Washington. All of Plaintiff's conduct relevant to this complaint occurred in the State of Washington.

11.      MGM Resorts International is a corporation incorporated and existing under the laws of the State of Delaware with its principal place of business located at 3600 Las Vegas Boulevard South, Las Vegas, Nevada 89109. MGM does business throughout the State of Washington, this District, and the United States.

12.      Costco Wholesale Corp. is a corporation incorporated and existing under the laws of the State of Delaware with its principal place of business located at 999 Lake Drive, Issaquah, Washington, 98027. Costco does business throughout the State of Washington, this District, and the United States.

## JURISDICTION AND VENUE

13.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 as this action arises under the Electronic Fund Transfer Act of 1978, 15 U.S.C. § 1693 *et seq*., which is a federal statute. This Court has personal jurisdiction over MGM because MGM conducts business in this District, solicits customers in this District, and the wrongful conduct occurred in, was directed to, and/or emanated from this District. This Court has personal jurisdiction over Costco because Costco conducts business in this District, has its principal place of business in this District, and the wrongful conduct occurred in, was directed to, and/or emanated from this District.

14.      Additionally, this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(d)(2) because (a) at least one member of the Class, which consists of at least 100 members, is a citizen of a state different from Defendants, (b) the amount in controversy exceeds

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL: 2016.682.5600 • FAX 206.682.2992

$5,000,000 exclusive of interest and costs, and (c) none of exceptions under that subsection apply to this action.

15.     This Court has supplemental jurisdiction over Plaintiff's state law claims because they are so related to Plaintiff's claims against Defendants for violation of 15 U.S.C. § 1693 *et seq.* that they form part of the same case or controversy.

16.     This Court has personal jurisdiction over Defendants because they conduct significant business in this District, including establishing consumer and business contracts here and because the unlawful conduct alleged in the Complaint occurred in, was directed at, and/or emanated in part from this District. Moreover, Defendant Costco maintains his corporate headquarters in this District.

17.     Venue is proper in this District under 28 U.S.C. § 1391(b), because Costco resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## COMMON FACTUAL ALLEGATIONS

### Gift Card Legislation

18.     Congress passed the Electronic Fund Transfer Act of 1978, 15 U.S.C. § 1693 *et seq.* (the "EFTA"), in order to protect consumers from the potential dangers associated with the use of increasingly popular electronic funds transfers through new mediums, such as automated teller machines, point-of-sale terminals, automated clearinghouse systems, and remote banking programs.

19.     Three decades later, the Federal Reserve Board recognized that additional protections were necessary to ensure the rights of consumers, and amended the EFTA to also regulate the sale of gift cards.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL: 2016.682.5600 • FAX 206.682.2992

20.     The amendments required the presale disclosure of any inactivity fees that could be assessed against a gift card, the amount of such fees, and the frequency with which they could be assessed against the consumer. The Federal Reserve Board also prescribed new regulations to enforce these amendments. Among them was the mandate that any disclosure regarding fees or terms made prior the purchase of a gift card *could not* be changed after the gift card was bought.

21.     Though the Federal Reserve Board's 2010 amendments added new federal protections for gift card consumers, its efforts actually came on the heels of numerous state laws that had already defined and provided similar, and in some cases more extensive, protections for the purchasers of gift cards.

***The Sale of MGM Gift Cards***

22.     MGM is a multi-billion dollar hospitality and entertainment giant that presides over an empire of hotels, resorts, and casinos along the famous Las Vegas Strip and throughout the nation.

23.     In an effort to maximize its appeal to potential customers and entice them to frequent its casinos and resorts, MGM embarked on (and continues) a campaign to sell gift cards that are only redeemable at MGM affiliates.

24.     In order to maximize consumer exposure to the MGM Gift Cards—and thereby increase sales of the Cards, visitors to its resorts and casinos, and ultimately its profits—MGM sold them through its own venues, as well as various brick and mortar retail stores.

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL: 2016.682.5600 • FAX 206.682.2992

25.     Among the brick and mortar retail establishments selling the MGM Gift Cards was Defendant Costco. Costco is a membership based wholesale warehouse club that generates billions in annual revenue and is firmly entrenched on the list of Fortune 500 companies.[1]

26.     Costco touts its practice of "carefully choosing [the] products" it offers consumers to ensure that its members receive "the best value" possible.[2] Among the "carefully chosen" products offered by Costco were the MGM Gift Cards.

27.     Costco created displays in their brick and mortar stores to advertise the MGM Gift Cards and inform its customers as to their material terms. On information and belief, those displays provided representations that were similar, or substantially similar, to the display shown in Figure 1:



(Figure 1.)

28.     As can be seen in Figure 1, Costco discloses that "[i]nactivity fees will apply" to the MGM Gift Cards, but fails to provide additional information to the consumer.

29.     Instead, Costco placed each of its consumers on notice that such fees would be

---

[1]     *See About us*, Costco, http://www.costco.com/about.html.
[2]     *Id*.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332

TEL: 2016.682.5600 • FAX 206.682.2992

levied against purchasers of the MGM Gift Cards, and then relied upon the MGM Gift Cards—

and the representations printed thereon—to provide and explain the applicable terms and

conditions that controlled the MGM Gift Cards' purchase and use.

30.     As such, Costco adopted the representations included on each of the MGM Gift

Cards as its own when it marketed them to its customers.

***The MGM Gift Cards***

31.     The MGM Gift Cards expressly state that "*A monthly Inactivity Fee will be

assessed 18 months from [a specified date] on cards showing no activity."



(Figure 2.)

32.     This statement is repeated on the back of the MGM Gift Card—declaring that "[a]

monthly maintenance fee of $2.50 will be deducted from your card balance after 18 months of no

activity from the date printed on the front of the card."

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL: 2016.682.5600 • FAX 206.682.2992



(Figure 3.)

33.     Contrary to the express terms of the MGM Gift Cards, and to the surprise of numerous consumers, MGM begins charging a monthly inactivity fee of $2.50 to the MGM Gift Cards after only twelve months of inactivity from the date of purchase, not eighteen months from the date printed on the MGM Gift Card.

34.     As a result of this deception, MGM Gift Card owners had significant, unexpected, and unconsented to fees levied against them.

35.     Though seemingly nominal in nature, the unconsented to fee accounts for 2.5% of the MGM Gift Card's entire value *per month*. By assessing these fees against consumers after twelve months of inactivity, instead of the contracted for eighteen, consumers stand to lose up to 15% of the value of their purchase during a time period in which they were assured no such fees would be assessed.

## FACTS SPECIFIC TO PLAINTIFF DAVID HANSON

36.     In or around March 2015, Plaintiff David Hanson purchased one hundred and forty MGM Gift Cards at a brick and mortar Costco in Seattle, Washington.

COMPLAINT

8

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL: 2016.682.5600 • FAX 206.682.2992

37.     During his purchase, Plaintiff reasonably understood the inactivity fee terms printed upon the MGM Gift Cards to be controlling.

38.     The MGM Gift Cards purchased by Plaintiff are identical to those depicted in Figures 2 and 3 above, including the statements that "*[a] monthly Inactivity Fee will be assessed eighteen months from March 2015 on cards showing no activity[,]" (Figure 2), and that "[a] monthly maintenance fee of $2.50 will be deducted from your card balance after eighteen months of no activity from the date printed on the front of the card." (Figure 3.)

39.     Plaintiff viewed these statements prior to purchasing the MGM Gift Cards, and reasonably relied on them when he purchased the gift cards, believing that the cards would not be subject to inactivity fees for at least a period of eighteen months of inactivity from March 2015.

40.     Contrary to the express terms of the MGM Gift Cards, however, Plaintiff was assessed an inactivity fee of $2.50 twelve months after he purchased the MGM Gift Cards from Costco, and continues to have this fee assessed against him every month. Additionally, Plaintiff's MGM Gift Cards were assessed this inactivity fee despite the remaining value of his MGM Gift Cards being in excess of five dollars.

## CLASS ALLEGATIONS

41.     Plaintiff David Hanson brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of himself, three classes and two subclasses of similarly situated individuals (collectively, the "Classes"), defined as follows:

> **Misrepresented Fee Class:** All individuals in the United States who (1) purchased an MGM Gift Card within the six years preceding the filing of this Complaint; (2) which assessed an inactivity fee prior to the expiration of the inactivity period disclosed on the face of the MGM Gift Card.

> **EFTA Subclass:** All Misrepresented Fee Class members who (1) purchased an MGM Gift Card; (2) which assessed an inactivity fee prior to the expiration of the inactivity period disclosed on the face of the MGM Gift Card; (3) within one year preceding the filing of this Complaint.

> **Costco Subclass:** All Misrepresented Fee Class members who purchased their MGM Gift Cards from Costco.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332

TEL: 2016.682.5600 • FAX 206.682.2992

**Nevada DTPA Class:** All individuals in the United States who purchased MGM Gift Cards in the four (4) years preceding the filing of this Complaint featuring (i) a representation that an inactivity fee would be assessed before 36 months of inactivity had transpired; (ii) an inactivity fee that was assessed before 36 months of inactivity had transpired; or (iii) an inactivity fee that was assessed in excess of $1.00.

**Washington CPA Class:** All individuals in the United States who purchased an MGM Gift Card from Defendant Costco in the four (4) years preceding the filing of this Complaint, featuring (i) a representation that an inactivity fee would be assessed before 24 months of inactivity had transpired; (ii) an inactivity fee that was assessed before 24 months of inactivity had transpired; or (iii) an inactivity fee in excess of $1.00; or (iv) an inactivity fee that was assessed against the gift card when more than $5.00 in value remained on the gift card at the time the fee was assessed .

Excluded from the Classes, unless otherwise indicated, are (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) Plaintiff's and Defendants' counsel, and (5) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released, and (6) the legal representatives, successors, or assigns of any such excluded person.

42.     **Numerosity**: The exact number of members of the Classes is unknown and is not available to Plaintiff at this time, but individual joinder in this case is impracticable. The Classes likely consist of thousands of individuals. The members of the Classes can be easily identified through Defendants' records.

43.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include but are not limited to the following:

a)      Whether members of the Classes were charged inactivity fees;

b)      Whether inactivity fees were charged to members of the Classes pursuant to the terms included on the MGM Gift Cards;

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL: 2016.682.5600 • FAX 206.682.2992

c)   Whether MGM's conduct constitutes breach of contract and an express warranty;

d)   Whether Costco's conduct constitutes breach of an express warranty;

e)   Whether Costco's conduct violated the Washington Consumer Protection Act Wash. Rev. Code Ann. § 19.240 *et seq.*;

f)   Whether MGM's conduct violated the Nevada Deceptive Trade Practices Act Nev. Rev. Stat. Ann. § 598.0921;

g)   Whether Defendants' conduct violated the EFTA.

42.   **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff and the Classes sustained damages as a result of MGM's and Costco's uniform wrongful conduct during transactions with Plaintiff and the Classes.

43.   **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither Plaintiff nor his counsel has any interests adverse to those of the other members of the Classes.

44.   **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making final injunctive relief appropriate with respect to the Classes as a whole. Defendants' policies challenged herein apply and affect members of the Classes uniformly and Plaintiff's challenge of these policies hinges on Defendants' conduct with respect to the whole of the Classes, not on facts or law applicable only to Plaintiff.

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL: 2016.682.5600 • FAX 206.682.2992

45.     **Superiority**: This case is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. The damages suffered by the individual members of the Classes are likely to have been relatively small compared to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Absent a class action, it would be difficult, if not impossible, for the individual members of the Classes to obtain effective relief from Defendants. Even if members of the Classes themselves could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties and the Court and require duplicative consideration of the legal and factual issues presented herein. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

46.     Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definitions" based on facts learned through additional investigation and in discovery.

## FIRST CAUSE OF ACTION
### Breach of Contract
**(On behalf of Plaintiff and the Misrepresented Fee Class against MGM)**

47.     Plaintiff incorporates all of the foregoing allegations as if fully set forth herein.

48.     Plaintiff and the Misrepresented Fee Class members entered into contracts with MGM to purchase, have access to, and eventually redeem, the value of the MGM Gift Cards offered by MGM. MGM presents the terms of these contracts to consumers on the face of the MGM Gift Cards themselves.

49.     Among these terms was MGM's promise that no monthly inactivity fees would be assessed against the MGM Gift Cards until "after 18 months of no activity from the date printed on the front of [each] card." *See* Figure 3.

50.     Federal law requires that accurate inactivity fee terms, including the amount and frequency of such a fee, be disclosed on the gift card itself. *See* 12 C.F.R. § 205.20(c)(4).

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL: 2016.682.5600 • FAX 206.682.2992

51.     As detailed in the foregoing allegations, MGM breached these contracts by charging inactivity fees against each MGM Gift Card after twelve months of inactivity from the date presented on the MGM Gift Card—six months earlier than permitted by the contract between the Parties. In addition, MGM continuously breaches these contracts with each monthly inactivity fee assessed against Plaintiff and the Misrepresented Fee Class members that was not expressly allowed by the contract's terms.

52.     Moreover, these terms could not have been changed or modified after the purchase of the MGM Gift Cards as federal law prohibits those terms from being changed or modified after the MGM Gift Cards' purchase. *See* 12 C.F.R. § 205.20(c)(3).

53.     At all times relevant to this action, Defendant MGM acted willfully and with intent to breach the contracts it entered into with Plaintiff and the Misrepresented Fee Class. Specifically, MGM entered into its contracts with Plaintiff and members of the Misrepresented Fee Class knowing that it would charge inactivity fees after twelve months of inactivity from the date presented on the MGM Gift Card in violation of its contractual agreement.

54.     Plaintiff and the Misrepresented Fee Class have fully performed their contractual obligations by purchasing the MGM Gift Cards.

55.     By offering and selling the MGM Gift Card, MGM made an agreement to honor the terms expressed on the MGM Gift Card itself.

56.     As a direct and proximate result of MGM's initial and continuing breaches of contract, Plaintiff and the Misrepresented Fee Class have been injured. Specifically, Plaintiff and the Misrepresented Fee Class have been injured in the amount of the inactivity fees that were assessed against their MGM Gift Cards in violation of the contract between them and MGM.

57.     MGM's breach is ongoing. It continues to level inactivity fees against Plaintiff and members of the Misrepresented Fee Class in violation of the terms of its contract.

58.     As such, Plaintiff seeks an order on behalf of himself and the putative Class enjoining MGM from levying additional inactivity fees in violation of its contract with Plaintiff and other members of the Misrepresented Fee Class, and awarding actual damages in the form of

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL: 2016.682.5600 • FAX 206.682.2992

the inactivity fees that were assessed against Plaintiff and the Misrepresented Fee Class in breach of the agreement between the Parties, plus costs and reasonable attorneys' fees and such other relief as this Court deems necessary and just.

<u>SECOND CAUSE OF ACTION</u>
**Violation of the Electronic Funds Transfer Act**
**15 U.S.C.A. § 1693 *et seq.***
**(On behalf of Plaintiff and the EFTA Subclass as against all Defendants)**

59.     Plaintiff incorporates the prior allegations as if fully set forth herein.

60.     Both Costco and MGM sell MGM Gift Cards.

61.     MGM Gift Cards are "store gift cards" within the meaning of the EFTA because they are issued on a prepaid basis in a specific amount and are redeemable at MGM's affiliated group of hotels, resorts, and casinos.

62.     Costco as the seller, and MGM as both the seller and issuer of the MGM Gift Cards, did not make certain pre-sale disclosures required by the EFTA.

63.     Specifically, the EFTA prohibits the imposition of inactivity fees on any store gift card with limited exceptions.

64.     In order to be excepted from the EFTA's prohibition on assessing inactivity fees, certain disclosures are required regarding the amount and frequency of the inactivity fees prior to the sale of a gift card.

65.     These disclosures are required (i) before the sale of any gift card, and (ii) must be made on the gift card itself. *See* 12 C.F.R. § 205.20(c)(3–4). Furthermore, the inactivity fee terms disclosed prior to the sale of a gift card, including the frequency and amount of such fees, may not be modified or changed after the sale of the gift card has completed. *See id*. at (c)(3).

66.     Although they disclosed that an inactivity fee would apply, neither MGM nor Costco provided Plaintiff or the EFTA Class members accurate information detailing that inactivity fees would be assessed prior to the disclosures made on the MGM Gift Cards.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL: 2016.682.5600 • FAX 206.682.2992

67.     Instead, MGM and Costco sold the MGM Gift Cards while leading consumers to believe that no inactivity fee would be assessed until the conclusion of an eighteen-month period of inactivity beginning on the date stated on each MGM Gift Card.

68.     As such, Defendants failed to accurately disclose the actual period of inactivity required before an inactivity fee would be charged, as well as the frequency with which such fees would be charged between date that the inactivity fees actually began being assessed, and the date on which the MGM Gift Card indicated they would begin, all in violation of 15 U.S.C. § 1693*l*-1(b)(3).

69.     As a result of Defendants' failure to comply with the EFTA's disclosure requirements, Plaintiff and members of the EFTA Class suffered damages in the form of the undisclosed inactivity fees that were assessed against their MGM Gift Cards prior to the completion of the eighteen-month inactivity period represented on the MGM Gift Cards.

70.     For the foregoing reasons, Plaintiff and EFTA Class members seek an award of statutory damages to be determined by the Court for Defendants' failure to provide adequate pre-sale and on-card disclosures regarding applicable fees, as well as reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
**Violation of Washington's Consumer Protection Act**
**Wash. Rev. Code. Ann. § 19.86.010, *et seq.***
**(On behalf of Plaintiff and the Washington CPA Class as against Costco)**

71.     Plaintiff incorporates the prior allegations as if set forth fully herein.

72.     The Washington legislature recognized the potential threat to consumer rights posed by gift cards, and passed Wash. Rev. Code. Ann. § 19.240.020 in an attempt to protect consumers from retailers who deprive them of the full value of their gift cards and gift certificates.

73.     Wash. Rev. Code. Ann. § 19.240.020 prohibits issuing any gift card containing an inactivity fee except in limited circumstances, and even then, pursuant to strict statutory requirements.

74.     Among those requirements is the familiar need for any inactivity fee to be

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL: 2016.682.5600 • FAX 206.682.2992

accurately disclosed. Additionally, Washington law prohibits *any* inactivity fee from being assessed until *after* a 24-month period of inactivity. Furthermore, Washington law has limited any inactivity fees charged to $1.00 or less per month. Finally, Washington law prohibits issuing or enforcing any gift card containing an inactivity fee unless the remaining value of the gift card is five dollars or less at the time each charge is assessed.

75.    Under Washington law, Costco "issues" the MGM Gift Cards because it sold and/or provided the MGM Gift Cards to Plaintiff and members of the Washington CPA Class.

76.    The MGM Gift Card issued by Costco included an inactivity fee.

77.    Costco's disclosure of the inactivity fee failed to identify the correct period of time after which the inactivity fee would actually be charged. The MGM Gift Card only indicated that an inactivity fee would be assessed after an eighteen-month period of inactivity from the date printed on each MGM Gift Card.

78.    On information and belief, Costco's in-store representations failed to provide any additional or contrary information regarding the MGM Gift Card's inactivity fees, and instead adopted the representations made upon the MGM Gift Card itself by simply referencing that inactivity fees may apply and relying upon the MGM Gift Cards to provide additional clarification of those terms for its customers.

79.    The MGM Gift Cards issued by Costco unlawfully charged an inactivity fee after only twelve months of inactivity, in violation of the mandate of Wash. Rev. Code. Ann. § 19.240.040 that inactivity fees "can only be assessed when there has been no activity on the gift card for twenty-four consecutive months[.]"

80.    Additionally, the MGM Gift Cards issued by Costco unlawfully charged an inactivity fee of $2.50 per month, more than double the maximum amount allowed under Washington law.

81.    Furthermore, the MGM Gift Cards issued by Costco were unlawfully charged inactivity fees while the remaining value of the gift cards exceeded five dollars, contrary to Washington law.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL: 2016.682.5600 • FAX 206.682.2992

82.     Had Plaintiff and members of the Washington CPA Class known the actual terms of the inactivity fees associated with the MGM Gift Cards, they either would not have purchased the MGM Gift Cards or would have paid less for them.

83.     Costco's conduct in issuing these gift cards runs contrary to Washington public policy and any agreement entered into between it and members of the Washington CPA Class is therefore void under Wash. Rev. Code Ann. § 19.240.110.

84.     Washington's Consumer Protection Act, Wash. Rev. Code § 19.86.010 *et seq.* protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. Washington residents have an unwaivable right to be protected by the laws of their state.

85.     To achieve that goal, the Washington Consumer Protection Act prohibits any person from using "unfair methods of competitions or unfair or deceptive acts or practices in the conduct of any trade or commerce…." Wash. Rev. Code. Ann. § 19.86.020.

86.     Costco's marketing of the MGM Gift Cards was unfair and deceptive for a number of reasons. Not only did Costco market the MGM Gift Cards by misrepresenting that inactivity fees would only be assessed after eighteen months of inactivity, it issued the MGM Gift Cards in violation of multiple sections of Washington law regulating the sale of gift cards. Additionally, consumers were unable to know of the actual terms of their purchase until the actual harm—unlawful inactivity fees—had already been suffered. As such, consumers were unable to avoid, or take reasonable steps to avoid the harm caused by Defendant Costco's conduct.

87.     As a result of Costco's unfair and deceptive practices, Plaintiff and members of the Washington CPA Class have suffered injuries in the form of the full purchase price of the MGM Gift Card, unlawful inactivity fees being assessed against them as bearers of MGM Gift Cards they purchased, and actual damages in the amounts they overpaid for the MGM Gift Cards.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL: 2016.682.5600 • FAX 206.682.2992

88.     Costco's conduct negatively affects the public interest because it runs contrary to public policy, has injured Plaintiff and every member of the Washington CPA Class, and had the capacity to injure many more persons during the period in which Costco was issuing the MGM Gift Cards.

89.     For the foregoing reasons, Plaintiff and Washington CPA Class members seek an Order (i) declaring that the agreement to purchase the MGM Gift Cards they entered into with Costco is void under Washington law, (ii) an award of actual damages incurred as a result of Defendant Costco's unfair and deceptive conduct in violation of Washington law in the form of the full purchase price of the MGM Gift Cards, (iii) an award of treble damages pursuant Wash. Rev. Code Ann. § 19.86.090, as well as costs and reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION
**Violation of the Nevada Deceptive Trade Practices Act**
**Nev. Rev. Stat. Ann. § 41.600**
**(On behalf of Plaintiff and the Nevada DTPA Class as against MGM)**

90.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

91.     In the course of its business, Defendant MGM has engaged in deceptive trade practices as defined by Nevada Revised Statutes Section 598.0921.

92.     Nevada Revised Statutes Section 598.0921 regulates the sale and maintenance of gift certificates under Nevada law.

93.     The MGM Gift Card is a gift certificate pursuant to Section 598.0921 because it evidences a promise that the card is redeemable for the equivalent of the gift certificate's value in goods and services from MGM Resorts International and its affiliates.

94.     Section 598.0921 makes it a deceptive practice for any person to charge an inactivity fee to a holder or buyer of a gift certificate without first (i) disclosing the event that will cause the service fee to be imposed, and (ii) informing the buyer or holder that, for any service fee imposed on the basis of inactivity, the inactivity "must not be less than 3 continuous years of nonuse[,]" prior to the sale of the gift certificate. Nev. Rev. State. Ann. § 598.0921.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL: 2016.682.5600 • FAX 206.682.2992

95.     Regardless of whether these notices are provided to the holder or buyer of the gift card, if a person imposes any service fee, including an inactivity fee, that exceeds $1.00 a month, they are also engaging in deceptive trade practices.

96.     MGM knowingly imposed inactivity fees upon the holders of the MGM Gift Cards despite not making the disclosures required by Section 598.0921. Rather than disclose the actual event that would result in the imposition of the inactivity fee—twelve months of inactivity from the date of purchase—MGM made an affirmative misrepresentation to consumers that inactivity fees would only occur after eighteen months of inactivity beginning on the date identified on the card itself.

97.     Additionally, the inactivity periods disclosed by MGM on the card and the inactivity periods actually used, were also per se deceptive under Nevada law. Section 598.0921 requires that inactivity fees *only* be assessed after *three continuous years* of nonuse. Despite the law's requirements, MGM not only misrepresented the actual inactivity period allowed before it would charge inactivity fees, but even its deception failed to provide a valid inactivity period under Nevada law.

98.     Similarly, the actual inactivity fee imposed by MGM is unlawful and deceptive by the plain language of Section 598.0921. MGM imposed a monthly inactivity fee of $2.50 upon its MGM Gift Card holders, more than double the fee permitted by Nevada law.

99.     Had Plaintiff and members of the Nevada DTPA Class known the actual terms of the inactivity fees associated with the MGM Gift Cards, they either would not have purchased the MGM Gift Cards or would have paid less for them.

100.    As a result of MGM's deceptive trade practices, Plaintiff and the members of the MGM Class have suffered actual damages in the amount that they overpaid for the MGM Gift Cards, as well as in the amount of any inactivity fees that were unlawfully and deceptively levied against them.

101.    Accordingly, Plaintiff, on behalf of himself and the Nevada DTPA Class, seeks an order: (i) permanently enjoining MGM from engaging in the deceptive conduct described herein;

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL: 2016.682.5600 • FAX 206.682.2992

(ii) awarding all damages Plaintiff and members of the MGM Class sustained; (iii) requiring MGM to pay costs and reasonable attorneys' fees; and (iv) all further relief allowed by law.

### FIFTH CAUSE OF ACTION
**Breach of Express Warranty**
**(On behalf of Plaintiff and the Misrepresented Fee Class as Against Defendant MGM)**

102.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

103.   MGM expressly warranted that no inactivity fees would be assessed against the MGM Gift Cards absent an eighteen-month period of no activity occurring immediately after a date printed on the front of the MGM Gift Card.

104.   A reasonable consumer would believe that these express statements regarding the inactivity fees that may be assessed against the MGM Gift Cards could only be assessed following an eighteen month period of inactivity from the date included on the MGM Gift Card. Indeed, federal law requires such disclosures be made on all gift cards sold, and that such terms be made known to a consumer prior to their purchase of a gift card. *See* 12 C.F.R. § 205.20(c)(3–4).

105.   Plaintiff and other members of the Misrepresented Fee Class were exposed to the inactivity fee warranties made on the MGM Gift Cards prior to their purchase of the MGM Gift Cards.

106.   However, in breach of this express warranty, inactivity fees were assessed against the MGM Gift Cards after only a twelve-month time period—far before the eighteen month period warrantied on the MGM Gift Cards had run its course.

107.   Had Plaintiff and members of the Misrepresented Fee Class known the actual terms of the inactivity fees associated with the MGM Gift Cards, they either would not have purchased the MGM Gift Cards or would have paid less for them.

108.   As an actual and proximate result of this breach Plaintiff and members of the Misrepresented Fee Class have suffered actual damages in the amounts they overpaid for the MGM Gift Cards, as well as any inactivity fees assessed against their MGM Gift Cards prior to the eighteen month inactivity period warrantied therein. Plaintiff seeks such damages and all

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL: 2016.682.5600 • FAX 206.682.2992

other amounts and types of relief allowed by law.

## SIXTH CAUSE OF ACTION
**Breach of Express Warranty**
**(On behalf of Plaintiff and the Costco Subclass as Against Costco)**

109.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

110.   Costco expressly warranted that no inactivity fees would be assessed against the MGM Gift Cards absent an eighteen-month period of no activity occurring immediately after a date printed on the front of the MGM Gift Card.

111.   Costco also indicated to consumers that such fees could be assessed, and adopted the express warranty that the MGM Gift Card would not be subject to inactivity fees for at least a period of eighteen months following the date included on the MGM Gift Card, and assumed the duties associated with that warranty.

112.   A reasonable consumer would believe that these express statements regarding the inactivity fees that may be assessed against the MGM Gift Cards could only be assessed following an eighteen month period of inactivity from the date included on the MGM Gift Card. Indeed, federal law requires such disclosures be made all gift cards sold, and that such terms be made known to a consumer prior to their purchase of a gift card. *See* 12 C.F.R. § 205.20(c)(3–4).

113.   Plaintiff and other members of the Costco Subclass were exposed to the inactivity fee warranties made on the MGM Gift Cards prior to their purchase of the MGM Gift Cards. Plaintiff and the Costco Subclass were exposed to the in-store marketing material relied upon by Costco to market the MGM Gift Cards.

114.   However, in breach of this express warranty, inactivity fees were assessed against the MGM Gift Cards after only a twelve-month time period—far before the eighteen-month period warrantied on the MGM Gift Cards had run its course.

115.   Had Plaintiff and members of the Costco Subclass known the actual terms of the inactivity fees associated with the MGM Gift Cards, they either would not have purchased the MGM Gift Cards or would have paid less for them.

21

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL: 2016.682.5600 • FAX 206.682.2992

116.    As an actual and proximate result of this breach Plaintiff and members of the Costco Subclass have suffered actual damages in the amounts they overpaid for the MGM Gift Cards, as well as any inactivity fees assessed against their MGM Gift Cards prior to the eighteen month inactivity period warrantied therein. Plaintiff seeks such damages and all other amounts and types of relief allowed by law.

## **PRAYER FOR RELIEF**

Plaintiff David Hanson, individually and on behalf of all others similarly situated, respectfully requests that this Court enter an Order:

a)    Certifying this case as a class action on behalf of the Classes defined above, appointing David Hanson as representative of the Classes, and appointing his counsel as class counsel;

b)    Declaring that Defendants' conduct, as set out above, violates the EFTA;

c)    Declaring the agreements entered into between Costco and Plaintiff and other members of the Costco Class for the purchase of MGM Gift Cards to be void under Washington law;

d)    Declaring that Defendant Costco's conduct, as set out above, violates the Washington Consumer Protection Act;

e)    Declaring that Defendant MGM's conduct, as set out above, violates the Nevada Deceptive Trade Practices Act;

f)    Declaring Defendants' conduct, as set out above, to be in breach of the express warranties they made to Plaintiff and members of the Breach Class;

g)    Entering judgment against Defendants, in the amount of the losses suffered by Plaintiff and each member of the Classes;

h)    Enjoining Defendants from continuing the challenged conduct;

i)    Awarding damages to Plaintiff and the Classes' members in an amount to be determined at trial, including trebling or other enhancement as appropriate;

j)    Awarding damages to Plaintiff and the Classes' members for Defendants' violations of the EFTA in an amount to be determined by this Court;

k)    Awarding reasonable attorney's fees and expenses;

l)    Awarding pre- and post-judgment interest, to the extent allowable;

m)    Entering judgment for injunctive and/or declaratory relief as necessary to protect the interests of Plaintiff and the Classes; and

n)    Awarding such other and further relief as equity and justice require.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL: 2016.682.5600 • FAX 206.682.2992

1

## JURY DEMAND

2  Plaintiff requests a trial by jury of all claims that can be so tried.

3  Respectfully Submitted,

4  **DAVID HANSON**, individually and on behalf of all others similarly situated,

5  Dated: October 24, 16

6

7  By:  /s/ Kim D. Stephens
Kim D. Stephens, WSBA #11984
kstephens@tousley.com

8  Kevin A. Bay, WSBA #19821
kbay@tousley.com

9  TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200

10  Seattle, Washington 98101
Tel: 206.682.5600

11  Fax: 206.682.2992

12  Rafey S. Balabanian*
rbalabanian@edelson.com

13  Eve-Lynn Rapp*
erapp@edelson.com

14  Stewart Pollock*
spollock@edelson.com

15  EDELSON PC
123 Townsend St., Suite 100

16  San Francisco, California 94107
Tel: 415.212.9300

17  Fax: 415.373.9435

18  Alexander Darr*
Darr@DarrLawOffices.com

19  DARR LAW OFFICES
11650 Olio Road, Ste 1000-224

20  Fishers, Indiana 46037
Tel: 312.857.3277

21  Fax: 855.225.3277

22  *Pro hac vice admission to be sought.

23  Attorneys for Plaintiff and the Putative Class

6239/001/361044.1

24

25

26

27

COMPLAINT

23