1

The Honorable Richard A. Jones

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                         WESTERN DISTRICT OF WASHINGTON

10                                       AT SEATTLE

11   DAVID HANSON, individually and on
     behalf of all similarly situated,              Case No. 2:16-cv-01661
12
                        Plaintiff,                  **DEFENDANTS MGM RESORTS**
13                                                  **INTERNATIONAL'S AND COSTCO**
              v.                                    **WHOLESALE CORPORATION'S**
14                                                  **MOTION TO DISMISS**
     MGM RESORTS INTERNATIONAL, a
15   Delaware corporation, and COSTCO
     WHOLESALE CORPORATION, a Delaware              NOTE ON MOTION CALENDAR:
16   corporation,                                   February 3, 2017
17                      Defendants.
                                                    Oral Argument Requested
18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT                               ORRICK, HERRINGTON & SUTCLIFFE LLP
2:16-cv-01661                                              701 Fifth Avenue, Suite 5600
                                                          Seattle, Washington  98104-7079
                                                                 +1-206-839-4300

1

**TABLE OF CONTENTS**

2

**Page**

I.      INTRODUCTION ................................................................. 1

3

II.     RELEVANT FACTUAL BACKGROUND ......................... 2

4

III.    LEGAL STANDARDS ........................................................ 3

5

    A.   Standard for Granting a Motion to Dismiss Under Rule 12(b)(6) ................... 3

    B.   Standard for Granting a Motion to Strike Under Rule 12(f) ............................ 4

6

IV.    ARGUMENT ...................................................................... 4

7

    A.   Plaintiff Cannot Bring a Cause of Action Under the Nevada DTPA (Fourth Cause of Action) ...................................... 4

8

        1.   Plaintiff Is Not Part of the Purported Nevada Class ............................. 4

9

        2.   MGM Gift Cards are Exempt from the Nevada DTPA ........................ 5

10

    B.   Plaintiff's Contract Claims and Washington CPA Claim Should be Dismissed Because Plaintiff Has Not Suffered Actual Damages (First, Third, Fifth, and Sixth Causes of Action) ...................................... 6

11

        1.   Plaintiff Must Establish Actual Damages to Sustain a Breach of Contract or Warranty Claim ...................................... 6

12

        2.   Plaintiff's Washington Consumer Protection Act Claim Should be Dismissed Because Plaintiff Was Not Deprived of the Use of His MGM Cards ...................................... 8

13

14

    C.   The Court Should Strike the Nevada DTPA and Washington CPA Classes because a Nationwide Class is Overbroad ........................... 9

15

V.     CONCLUSION ................................................................... 10

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
2:16-cv-01661

-i-

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7079
+1-206-839-4300

1
2

## <u>TABLE OF AUTHORITIES</u>

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Page(s)**

**Cases**

*Ambach v. French*,
    216 P.3d 405 (Wash. 2009) ...................................................................................8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................................2, 3, 4

*Barron v. Reich*,
    13 F.3d 1370 (9th Cir. 1994) ................................................................................3

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .............................................................................................4

*In re Flash Memory Antitrust Litig.*,
    643 F. Supp. 2d 1133 (N.D. Cal. 2009) ...............................................................5

*Gen. Tel. Co. of Sw. v. Falcon*,
    457 U.S. 147 (1982) .............................................................................................5

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
    719 P.2d 531 (Wash. 1986) ..................................................................................8

*Insure N.M., LLC v. McGonigle*,
    995 P.2d 1053 (N.M. Ct. App. 2000) ...................................................................7

*Kamm v. Cal. City Dev. Co.*,
    509 F.2d 205 (9th Cir. 1975) ................................................................................4

*State ex rel. King v. Behavioral Home Care, Inc.*,
    346 P.3d 377 (N.M. Ct. App. 2014) .....................................................................6

*State ex rel. List v. AAA Auto Leasing & Rental, Inc.*,
    93 Nev. 483, 568 P.2d 1230 (1977) .....................................................................5

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) .............................................................................4, 9

*Morales v. Unilever U.S., Inc.*,
    No. 2:13-2213 WBS EFB, 2014 WL 1389613 (E.D. Cal. Apr. 9, 2014)............5

*New Mexico State Inv. Council v. Ernst & Young LLP*,
    641 F.3d 1089 (9th Cir. 2011) ..........................................................................2, 3

DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT                    -ii-
2:16-cv-01661

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7079
+1-206-839-4300

*Opel v. Boeing Co.*,
    No. C11-1890RSM, 2012 WL 1441405 (W.D. Wash. April 26, 2012) ...............................4

*Orion Tech. Res., LLC v. Los Alamos Nat'l Sec., LLC*,
    287 P.3d 967 (N.M. Ct. App. 2012) ....................................................................................7

*OSU Student All. v. Ray*,
    699 F.3d 1053 (9th Cir. 2012) ..............................................................................................3

*Pardini v. Unilever U.S., Inc.*,
    961 F. Supp. 2d 1048 (N.D. Cal. 2013) .............................................................................5, 9

*Race v. Fleetwood Retail Corp. of Washington*,
    No. 20722-6-III, 2003 WL 1901274 (Wash. App. Apr. 17, 2003) ...................................8, 9

*Sidney-Vinstein v. A.H. Robins Co.*,
    697 F.2d 880 (9th Cir. 1983) .................................................................................................4

*State ex rel. State Highway & Transp. Dep't v. City of Sunland Park*,
    3 P.3d 128 (N.M. Ct. App. 2000) ..........................................................................................7

*Steele v. Extendicare Health Servs., Inc.*,
    607 F. Supp. 2d 1226 (W.D. Wash. 2009) ............................................................................9

*Van Buskirk v. CNN*,
    284 F.3d 977 (9th Cir. 2002)..................................................................................................3

*Wright v. Safeco Ins. Co. of Am.*,
    109 P.3d 1 (Wash. Ct. App. 2004) .........................................................................................8

**Statutes**

Nev. Rev. Stat. Ch. 463 ...............................................................................................................2, 6

Nev. Rev. Stat. § 463.010.................................................................................................................2

Nev. Rev. Stat. § 598.0921(1)(b) ....................................................................................................6

Nev. Rev. Stat. § 598.0921(1)(b)-(c), (3)(a) ..................................................................................6

Nev. Rev. Stat. §§ 598.0921(2)(c) ..................................................................................................6

**Court Rules**

Fed. R. Civ. P. 10(c) .......................................................................................................................3

Fed. R. Civ. P. 12(b)(6)................................................................................................................1, 3

Fed. R. Civ. P. 12(f)......................................................................................................................1, 4

DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT                        - iii -
2:16-cv-01661

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7079
+1-206-839-4300

1

Fed. R. Civ. P. 23(d)(1)(D) ...................................................................................4

2

Fed. R. Evid. 201(b) ..........................................................................................2

3

**Other Authorities**

4

77A C.J.S. Sales § 440 (2016) ...........................................................................6

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
2:16-cv-01661

- iv -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7079
+1-206-839-4300

I.   **INTRODUCTION**

Defendants MGM Resorts International ("MGM") and Costco Wholesale Corporation ("Costco") (collectivity, "Defendants") respectfully move to dismiss the First, Third, Fourth, Fifth, and Sixth Causes of Action in Plaintiff's Class Action Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to allege facts sufficient to state a plausible claim.  Defendants also move to strike Plaintiff's class allegations under Federal Rule of Civil Procedure 12(f) for failure to meet class certification requirements.[1]

Plaintiff David Hanson brings this putative class action claiming he suffered injury when Defendants assessed inactivity fees on gift cards MGM sold through Costco for use at MGM casinos and resorts ("MGM Gift Cards").  Yet, in this case, he has no such damages. The fees he claims were assessed on his MGM Gift Cards—each of which is incorporated by reference into the Complaint—were all refunded.  Indeed, with respect to the one MGM Gift Card specifically identified in the Complaint, Plaintiff never used or even attempted to use it. Thus, it is not possible that Plaintiff could have been harmed.  Plaintiff's claims, namely his breach of contract, breach of warranty, and Washington State consumer protection claims, require actual damage.  Where, as here, there is none, Plaintiff's claims should be dismissed.

Plaintiff also cannot maintain his Nevada Deceptive Trade Practices Act ("DTPA") claim against MGM.  As a Washington resident who purchased the cards in Washington, Plaintiff alleges no connection to Nevada.  Notwithstanding, MGM is exempt from Nevada DTPA gift card requirements because it is licensed under Nevada's Gaming Control Act.

Setting aside that his allegations do not state a claim, the Court should, at a minimum, strike the proposed nationwide class allegations under the Washington CPA and Nevada DTPA causes of action.  Nationwide classes cannot assert claims for alleged violations of state consumer protection laws.

---

[1] In accordance with this Court's standing order, counsel for Defendants met and conferred with Plaintiff's counsel by telephone on January 6, 2017, to discuss the substance of this motion.  The certification of the meet and confer requirement is contained in the Declaration of Aravind Swaminathan ("Swaminathan Declaration"), which is filed concurrently with this motion.

DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT                    -1-
2:16-cv-01661

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7079
+1-206-839-4300

## II.    RELEVANT FACTUAL BACKGROUND[2]

MGM is a hospitality and gaming company that owns several properties throughout the United States.  Its principal place of business is in Las Vegas, Nevada, and it is licensed under Nevada's Gaming Control Act.  Nev. Rev. Stat. § 463.010.  (Swaminathan Decl. Ex. A (MGM License Listing.)[3]

MGM sells gift cards that allow gift card owners to make purchases at MGM casinos and affiliates.  (Dkt. # 1 ¶¶ 23 and 24.)  Costco is a membership warehouse club with locations throughout the United States.  (*Id.* at ¶ 25.)  MGM began making gift cards available to Costco members through a select number of Costco's warehouse retail locations.

Plaintiff is a Washington resident who alleges he purchased approximately 140 MGM Gift Cards at a Costco warehouse in Seattle, Washington.  (Dkt. # 1 at ¶ 36.)  Plaintiff alleges that Defendants charged inactivity fees on these and other MGM Gift Cards contrary to disclosures about such fees.  (Dkt. #1 at ¶ 33.)  As part of his allegations, Plaintiff provides copies of the front and back of one MGM Gift Card he allegedly purchased bearing number 5215990038471563 ("MGM Gift Card *1563"),[4] and makes specific allegations regarding the inactivity fees charged on such cards.  (*See id.* at ¶¶ 31, 32, and 38.)  The back of the card states that "By accepting, signing, or using the MGM Resorts Gift Card, you agreed to the terms of the Cardholder agreement."  (*Id.* at ¶ 32.)  Accordingly, Plaintiff has incorporated into

[2] For purposes of this motion, Defendants treat the well-pleaded factual allegations of the Complaint as true.  Defendants do not, however, credit any implausible or conclusory allegation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[3] Defendants request that the Court take judicial notice of MGM's licensure under chapter 463 of the Nevada Revised Statutes.  MGM's licensure is not a fact that is subject to reasonable dispute because it can be accurately and readily determined from the Nevada Gaming Control Board's Location Name and Address Report of All Licensed Locations (Swaminathan Decl. Ex. A), the accuracy of which cannot be reasonably questioned.  *See* Fed. R. Evid. 201(b).

[4] Although Plaintiff only disclosed the account number for 1 of the 140 Gift Cards he alleges he purchased, all of those gift cards and their transaction histories are incorporated by reference in the Complaint.  *New Mexico State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011).  Just as with the MGM Gift Card *1563, all the transaction histories for such cards would reveal that any inactivity fees that were charged on any of the remaining 139 cards were refunded on approximately November 14, 2016, as well as any other MGM Gift Cards that had an inactivity fee assessed prior to 18 months of no activity from the date printed on the card.

DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
2:16-cv-01661

- 2 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7079
+1-206-839-4300

1   the Complaint by reference the MGM Resorts Gift Card Cardholder Agreement ("Cardholder

2   Agreement"), the MGM Gift Cards he purchased, including the one depicted in the Complaint

3   (*id.* at ¶¶ 31-32), and the transaction history for such cards. *See Van Buskirk v. Cable News*

4   *Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th

5   Cir. 1994); *see also* Fed. R. Civ. P. 10(c) (written instruments attached to pleadings may be

6   considered part of the pleading). Accordingly, the full transaction history for each of the 140

7   cards Plaintiff purchased should be considered on Defendants' motion to dismiss. A copy of

8   the full transaction history for MGM Gift Card *1563 depicted in the Complaint is attached as

9   Exhibit B to the Swaminathan Declaration. The Cardholder Agreement, which is governed by

10  New Mexico law, is attached as Exhibit C to the Swaminathan Declaration. (Swaminathan

11  Decl. Ex. C at ¶ 16.)

12      The transaction history for MGM Gift Card *1563 shows that Plaintiff has never used,

13  or even attempted to use, this MGM Gift Card since he purchased it. (*See* Swaminathan Decl.

14  Ex. B.) It shows $100 of value available at the time Plaintiff alleges to have purchased the

15  card in March 2015. (*Id.*) Inactivity fees of $2.50 were assessed on April 1, 2016, May 1,

16  2016, October 1, 2016, and November 1, 2016. (*Id.*) On November 14, 2016, all of the

17  inactivity fees previously charged ($10.00) were refunded to Plaintiff's MGM Gift Card

18  *1563. (*Id.*)

19  **III.    LEGAL STANDARDS**

20      **A.    Standard for Granting a Motion to Dismiss Under Rule 12(b)(6)**

21      To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain

22  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

23  face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

24  550 U.S. 544, 570 (2007)). The Court "accept[s] the well-pleaded factual allegations of the

25  complaint as true and construe[s] them in the light most favorable to plaintiffs." *OSU Student*

26  *All. v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012). The Court may augment the well-pleaded

27  factual allegations with facts contained in documents incorporated within the complaint and

28

DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT                    - 3 -
2:16-cv-01661

facts susceptible to judicial notice.  *New Mexico State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011).  Even under this highly deferential standard of review, the Court is not required to accept as true conclusory legal allegations cast in the form of factual allegations.  *See Iqbal*, 556 U.S. at 679.  The Court should dismiss a complaint for failure to state a claim when the pleadings fail to set forth "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."  *Opel v. Boeing Co.*, No. C11-1890RSM, 2012 WL 1441405, at *2 (W.D. Wash. Apr. 26, 2012) (quoting *Twombly,* 550 U.S. at 562).

**B.**      **Standard for Granting a Motion to Strike Under Rule 12(f)**

Rule 12(f) provides that a Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  This process helps to dispense with spurious issues prior to trial to prevent waste of a court's time and resources. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . .").  Further, class allegations may be dismissed or stricken at the pleading stage.  Rule 23(d)(1)(D) provides that "the court may issue orders . . . requir[ing] that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D); *see Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975) (district court properly granted motion to dismiss and strike class allegations).

**IV.      ARGUMENT**

**A.      Plaintiff Cannot Bring a Cause of Action Under the Nevada DTPA (Fourth Cause of Action)**

**1.      Plaintiff Is Not Part of the Purported Nevada Class**

Plaintiff's Fourth Cause of Action alleges a violation of the Nevada DTPA against MGM.  Plaintiff is a citizen of the State of Washington, and alleges that "all of [his] conduct relevant to this complaint occurred in the State of Washington."  (Dkt. # 1 at ¶ 10.)  In order to

DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
2:16-cv-01661

- 4 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7079
+1-206-839-4300

1    bring a claim under the Nevada DTPA, however, Plaintiff must either live in Nevada, or have

2    purchased MGM Gift Cards in Nevada.  *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594

3    (9th Cir. 2012) (holding that "each class member's consumer protection claim should be

4    governed by the consumer protection laws of the jurisdiction in which the transaction took

5    place"); *see generally State ex rel. List v. AAA Auto Leasing & Rental, Inc.*, 93 Nev. 483, 486,

6    568 P.2d 1230, 1232 (1977) ("Within its police power, the legislature may regulate

7    commercial and business affairs in order to promote the health, safety, morals and general

8    welfare of its citizens and to protect its citizens from injurious activities.").  His allegations

9    establish that neither is true here.  Thus, he cannot assert a claim under the Nevada DTPA.

10         Because Plaintiff has no legal authority to assert a claim under the Nevada DTPA, he

11   cannot serve as class representative for the alleged Nevada DTPA claim.  When "a

12   representative plaintiff is lacking for a particular state, all claims based on *that* state's laws are

13   subject to dismissal."  *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1164 (N.D.

14   Cal. 2009).  Courts have refused to apply the consumer protection laws of states where the

15   plaintiff does not reside or did not purchase the product.  *See, e.g.*, *Morales v. Unilever United*

16   *States., Inc.*, No. 2:13-2213 WBS EFB, 2014 WL 1389613, at *4–6 (E.D. Cal. Apr. 9, 2014)

17   (dismissing class action claims brought under consumer protection laws of states other than the

18   ones in which named plaintiffs resided); *Pardini v. Unilever United States, Inc.*, 961 F. Supp.

19   2d 1048, 1061 (N.D. Cal. 2013).  Where Plaintiff, as the named plaintiff, cannot assert a claim

20   under the Nevada DTPA, the claim should be dismissed.  *See Gen. Tel. Co. of Sw. v. Falcon*,

21   457 U.S. 147, 160 (1982) (finding that when plaintiff's deficiency is "plain enough from the

22   pleadings," it is an appropriate basis for dismissal even if it overlaps with issues typically

23   raised at class certification).

24                        **2.    MGM Gift Cards are Exempt from the Nevada DTPA**

25         Even if Plaintiff had a basis to assert a Nevada DTPA claim, his allegations do not state

26   a claim that the inactivity fees assessed on the MGM Gift Cards violated the Nevada DTPA.

27   Plaintiff alleges that "in an effort to maximize its appeal to potential consumers and entice

28

DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT                           - 5 -
2:16-cv-01661

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7079
+1-206-839-4300

1   them to frequent its casinos and resorts, MGM embarked on and continues a campaign to sell

2   gift cards that are only redeemable at its resorts."  (Dkt. # 1 at ¶ 23.)  As part of the MGM Gift

3   Card program, Plaintiff alleges that MGM violated the Nevada DTPA requirements for the

4   assessment of fees on gift cards.  *See* Nev. Rev. Stat. § 598.0921(1)(b).  The Nevada DTPA,

5   however, specifically exempts any gift card that "an establishment licensed pursuant to the

6   provisions of Chapter 463 of the NRS [i.e. Nevada's Gaming Control Act] . . . sell[s] or

7   otherwise provide[s] . . . ."  *See* Nev. Rev. Stat. §§ 598.0921(2)(c); 598.0921(3)(b).  Because

8   MGM possesses such a license (Swaminathan Decl. Ex. A), the MGM Gift Cards are exempt

9   from the Nevada DTPA.  *See* Nev. Rev. Stat. § 598.0921(1)(b)-(c), (3)(a).

10       **B.**    **Plaintiff's Contract Claims and Washington CPA Claim Should be**
        **Dismissed Because Plaintiff Has Not Suffered Actual Damages (First,**
11      **Third, Fifth, and Sixth Causes of Action)**

12        Plaintiff's contract, warranty, and Washington CPA claims all suffer from the same

13  common flaw: Plaintiff alleges, but cannot prove, that he suffered any actual damages.

14  Specifically, Plaintiff alleges that he suffered actual damages in the amount he "overpaid for

15  the MGM Gift Cards, as well as any inactivity fees assessed against their MGM Gift Cards

16  prior to the eighteen month inactivity period warrantied therein."  (*See, e.g.*, Dkt. # 1 at ¶¶ 108,

17  116.)  Any such fees assessed against his (and the entire class') MGM Gift Cards have been

18  refunded.  Thus, Plaintiff cannot establish any financial injury or loss to property because he is

19  in the exact same position he would have been in absent the alleged breach.

20           **1.**    **Plaintiff Must Establish Actual Damages to Sustain a Breach of**
21                      **Contract or Warranty Claim**

22        Under New Mexico law, which is applicable here under the cardholder agreement

23  terms, to sustain a breach of contract or warranty claim, a plaintiff must plead "allegations

24  sufficient to establish recoverable damages or relief that might be granted."  *State ex rel. King*

25  *v. Behavioral Home Care, Inc.*, 346 P.3d 377, 389 (N.M. Ct. App. 2014) (upholding the

26  dismissal of a breach contract claim because the plaintiff did not allege any "damages that

27  were recoverable"); 77A C.J.S. Sales § 440 (2016) ("The successful assertion of breach of an

28

DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT        - 6 -
2:16-cv-01661

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7079
+1-206-839-4300

express warranty requires the existence of a warranty [. . .]; failure of the goods to conform to the terms of the warranty; and financial injury or damage proximately caused by the breach." (internal citations omitted)).

Here, Plaintiff cannot establish any recoverable damages based on Defendants' alleged breach.  First, there are no recoverable damages associated with the assessment of inactivity fees against Plaintiff's MGM Gift Cards because such fees have already been refunded.  (*See, e.g.*, Swaminathan Decl. Ex. B.)  Second, Plaintiff offers no support for his allegation that he suffered injury in the amount he "overpaid for the MGM Gift Cards."  (Dkt. # 1 at ¶¶ 108, 116.)  Nor could he.  Plaintiff alleges that he paid $79.99 for a card with $100 of value redeemable at MGM (*id.* at ¶27), and that is precisely what he received (*see* Swaminathan Decl. Ex. B (showing funds available on MGM Gift Card *1563 when purchased in March 2015)).  Given that he was provided with—and still has—exactly what he purchased (*i.e.* a $100 MGM Gift Card) Plaintiff simply cannot sustain such a claim.

Nor is Plaintiff's alternative claim for injunctive relief sufficient to save his breach of contract claims.  Under New Mexico law, "[i]njunctions are harsh and drastic remedies that should issue only in extreme cases of pressing necessity and only where there is no adequate remedy at law." *Insure N.M., LLC v. McGonigle*, 995 P.2d 1053, 1056 (N.M. Ct. App. 2000) (quotations and citations omitted).  Injunctions will only be issued for injuries "which cannot be compensated or for which compensation cannot be measured by any certain pecuniary standard." *State ex rel. State Highway & Transp. Dep't of N.M. v. City of Sunland Park*, 3 P.3d 128, 134 (N.M. Ct. App. 2000) (citation omitted).  Here, even assuming that Plaintiff could state a claim for breach of contract, Plaintiff would have an adequate remedy at law: the sum of inactivity fees assessed on his 140 MGM Gift Cards.  Because there is an adequate remedy at law, he does not have a valid claim for injunctive relief.  *Orion Tech. Res., LLC v. Los Alamos Nat'l Sec., LLC*, 287 P.3d 967, 978 (N.M. Ct. App. 2012) (affirming dismissal of claim for injunctive relief for breach of contract because "[m]oney damages are available to [plaintiff] in this case, and [plaintiff] has not alleged any facts nor made any argument to

DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT                                     - 7 -
2:16-cv-01661

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7079
+1-206-839-4300

persuade us that money damages would not compensate it for the alleged injury here").

**2.** **Plaintiff's Washington Consumer Protection Act Claim Should be Dismissed Because Plaintiff Was Not Deprived of the Use of His MGM Cards**

Under the Washington CPA, a private plaintiff must prove that the defendant committed "(1) an unfair or deceptive act or practice; (2) in trade or commerce; (3) which affects the public interest; (4) that injured the plaintiff's business or property; and (5) that the unfair or deceptive act complained of caused the injury suffered." *Wright v. Safeco Ins. Co. of Am.*, 109 P.3d 1, 10 (Wash. Ct. App. 2004) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co*., 719 P.2d 531, 535 (Wash. 1986)). If the plaintiff cannot establish even one of the elements, the claim must be dismissed. *Id.* Whether a plaintiff can prove injury under the statute depends upon whether he can show that his interest in the property has been diminished. *Ambach v. French*, 216 P.3d 405, 407 (Wash. 2009). Injuries that arise as a consequence of pursuing a claim under the consumer protection statute are insufficient to show injury. *See Wright*, 109 P.3d at 10.

While the injury involved need not be great to meet the injury prong of the Washington CPA, it still must be established. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co*., 719 P.2d 531, 535 (Wash. 1986). In *Race v. Fleetwood Retail Corp. of Washington*, defendant deposited earnest money into a regular business account instead of a trust account, as required by statute. No. 20722-6-III, 2003 WL 1901274, at *4 (Wash. Ct. App. Apr. 17, 2003). Plaintiffs in that case appealed a lower court holding that they did not suffer an injury as a result of defendant's actions. *Id.* The court of appeal disagreed with plaintiffs, holding that there was no injury under the Washington CPA because "[e]ven if the funds had been deposited in a trust account, the [plaintiffs] would not have been entitled to the use of those funds . . . until the lawsuit was resolved." *Id.*

Here, Plaintiff does not allege that his use of any MGM Gift Card was affected prior to Defendants refunding the inactivity fees. Nor does he allege that he was even temporarily deprived of money owing to him. And, for the one card that Plaintiff alleges he purchased

DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
2:16-cv-01661
- 8 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7079
+1-206-839-4300

1   (MGM Gift Card *1563), he never used or attempted to use that card.  (*See* Swaminathan

2   Decl. Ex. B.)  As a matter of law, Plaintiff could not have been deprived of his property if he

3   never attempted to use it.  Plaintiff is in very much the same circumstances as the plaintiffs in

4   *Race*, who were not entitled to funds and thus could not be deprived of them.  Until and unless

5   Plaintiff attempted to redeem funds stored on his MGM Gift Cards—which there is no

6   allegation or evidence that he did—his funds too were effectively unavailable, and thus he

7   could not have been deprived of such property.

8           Moreover, conclusory allegations of harm are insufficient to establish loss to property

9   under the Washington CPA.  *Steele v. Extendicare Health Servs., Inc*., 607 F. Supp. 2d 1226,

10  1228 (W.D. Wash. 2009) (holding that conclusory allegations of harm are insufficient to

11  establish a claim under the Washington CPA).  But Plaintiff does not even go that far.  His

12  Complaint is bereft of any allegations that he attempted to use his cards—either prior to or

13  after the inactivity fees were assessed.  Plaintiff suffered no injury to his property under the

14  Washington CPA, and thus cannot maintain a claim.

15          **C.      The Court Should Strike the Nevada DTPA and Washington CPA Classes**
16                  **because a Nationwide Class is Overbroad**

17          Plaintiff proposes classes for his Nevada DTPA and Washington CPA claims, which

18  include "[a]ll individuals in the United States who purchased MGM Gift Cards."  (Dkt. #1 at

19  ¶ 41.)  To the extent that these claims survive this motion to dismiss, the Court should strike

20  these proposed classes because they include individuals who purchased MGM Gift Cards in

21  jurisdictions outside of Washington and Nevada.  The Ninth Circuit has held that "each class

22  member's consumer protection claim should be governed by the consumer protection laws of

23  the jurisdiction in which the transaction took place."  *Mazza*, 666 F.3d at 594.  Consequently,

24  nationwide classes for violations of the Nevada DTPA and Washington CPA are overbroad

25  and should be stricken.  *Id*.; *see also Pardini*, 961 F. Supp. 2d at 1061 (finding that the

26  plaintiff, who purchased a product in California, could only assert a cause of action under

27  California law consumer protection law).

28

DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT                              - 9 -
2:16-cv-01661

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7079
+1-206-839-4300

1  **V.**     **CONCLUSION**

2        For each of the reasons stated herein, Defendants respectfully requests that the Court

3  dismiss the First, Third, Fourth, Fifth, and Sixth Causes of Action in the Complaint.

4

5  Dated: January 12, 2017

6  Respectfully submitted,

7                                                    _s/ Aravind Swaminathan_____
                                           Aravind Swaminathan (WSBA No. 33883)
8                                          Melanie D. Phillips (WSBA No. 48945)*
                                           ORRICK, HERRINGTON & SUTCLIFFE LLP
9                                          701 5th Avenue, Suite 5600
                                           Seattle, WA  98104-7097
10                                         T: 206.839.4300; F: 206.839.4301
                                           aswaminathan@orrick.com
11                                         mphillips@orrick.com

12
                                           Barrie VanBrackle**
13                                         Jonathan A. Direnfeld**
                                           ORRICK, HERRINGTON & SUTCLIFFE LLP
14                                         Columbia Center
                                           1152 15th Street, N.W.
15                                         Washington, D.C.  20005-1706
                                           T: 203.339.8400; F: 203.339.8500
16                                         bvanbrackle@orrick.com
                                           jdirenfeld@orrick.com
17

18                                         *Application for admission pending.
                                           **Pro hac vice admission to be sought.
19

20                                         _Attorneys for Defendants_
                                           _MGM Resorts International and Costco_
21                                         _Wholesale Corporation_

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT                    - 10 -
2:16-cv-01661

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7079
+1-206-839-4300

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2017, I caused the foregoing document as well as Declaration of Aravind Swaminathan in Support of Defendants MGM Resorts International's and Costco Wholesale Corporation's Motion to Dismiss to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of the filings to all counsel of record.

DATED: January 12, 2017

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____*s/ Aravind Swaminathan*_____
  Aravind Swaminathan (WSBA No. 33883)
  aswaminathan@orrick.com
  701 Fifth Avenue,
  Suite 5600 Seattle, WA 98104-7097
  T: 206.839.4300; F: 206.839.4301

DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
2:16-cv-01661

- 11 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7079
+1-206-839-4300