HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID HANSON, *individually and on behalf of all others similarly situated*,

    Plaintiff,

  v.

MGM RESORTS INTERNATIONAL, *et al.*,

    Defendants.

Case No. C16-1661-RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court on Defendants MGM Resorts International ("MGM") and Costco Wholesale Corporation's ("Costco") Motion to Dismiss (Dkt. # 16) and Plaintiff David Hanson's Motion for Extension of Time to File a Motion for Class Certification (Dkt. # 25).  Having reviewed the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary.  For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Defendants' motion and **DENIES as moot** Hanson's motion.

## II.  BACKGROUND

This is a proposed consumer class action.  The Court describes the facts as alleged in the complaint, expressing no opinion on whether those allegations will prove true.

ORDER – 1

MGM sells gift cards that are redeemable at MGM's casinos, resorts, and affiliates. ¶ 23. Costco is among the locations where MGM gift cards are available for purchase. ¶ 25. These gift cards are subject to state and federal laws that regulate the assessment of inactivity fees. ¶¶ 18-21. An inactivity fee is a post-purchase reduction on the value of a gift card that goes unused for a certain amount of time. ¶¶ 31-32.

In or around March 2015, Hanson purchased 140 MGM gift cards from a Costco in Seattle, Washington. ¶ 36. The terms printed on the gift cards represented that "a monthly Inactivity Fee will be assessed eighteen months from March 2015 on cards showing no activity," and that "a monthly maintenance fee of $2.50 will be deducted from your card balance after eighteen months of no activity from the date printed on the front of the card." ¶ 38. Notwithstanding these representations, MGM began assessing a $2.50 monthly inactivity fee twelve months after he purchased the gift cards. ¶ 40.

On October 24, 2016, Hanson filed this action against MGM and Costco on behalf of himself and similarly situated consumers who purchased MGM gift cards and incurred the same or similar inactivity fees. ¶ 41. He alleges (1) a claim against MGM for breach of contract; (2) a claim against MGM and Costco for violation of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*; (3) a claim against Costco for violation of Washington's Consumer Protection Act ("CPA"), RCW 19.86.010, *et seq.*; (4) a claim against MGM for violation of Nevada's Deceptive Trade Practices Act ("DTPA"), Nev. Rev. Stat. Ann. § 41.600; (5) a claim against MGM for breach of express warranty; and (6) a claim against Costco for breach of express warranty. Hanson brings the first and fifth claims individually and on behalf of a nationwide class, the second individually and on behalf of a nationwide EFTA subclass, the third individually and on behalf of a nationwide Washington CPA class, the fourth individually and on behalf of a nationwide Nevada DTPA class, and the sixth individually and on behalf of a nationwide Costco subclass. He seeks actual, declaratory, and injunctive relief.

Now, MGM and Costco move to dismiss Hanson's first, third, fourth, fifth, and

ORDER – 2

sixth claims. Dkt. # 16. In the alternative, they move to strike the proposed Nevada DTPA and Washington CPA classes. *Id.* Hanson opposes Defendants' motion. Dkt. # 22. Hanson also moves to extend the deadline for filing a motion for class certification. Dkt. # 25. The Court has deferred the entry of a case scheduling order pending the resolution of the motion to dismiss.

### III.  LEGAL STANDARD

Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). The complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). When resolving a motion to dismiss, a court typically cannot consider evidence beyond the four corners of the complaint. "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### IV.  DISCUSSION

#### A.    Nevada DTPA Claim (Fourth Claim)

Defendants contend that Hanson cannot bring a claim under Nevada's DTPA because he does not live in Nevada and he did not purchase the MGM gift cards there. Hanson contends that he may assert the DTPA claim even though he lacks connections to Nevada. In opposing the motion, he emphasizes that Nevada is where MGM is

ORDER – 3

headquartered, making it plausible that MGM's wrongful conduct arose there and providing him standing to assert a claim based on Nevada state law.

As a general matter, courts consider the sufficiency of class allegations at the motion for class certification stage, not the pleading stage. *Pardini v. Unilever United States, Inc.*, 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013). "But [s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim . . . ." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

"The Ninth Circuit has held that 'each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place.'" *Pardini*, 961 F. Supp. 2d at 1061 (quoting *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012)). "Where . . . a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal." *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1164 (N.D. Cal. 2009); *see also Mollicone v. Universal Handicraft, Inc.*, No. 2:16-cv-7322-CAS-MRW, 2017 WL 440257, at *9 (C.D. Cal. Jan. 30, 2017) (noting that "the majority of courts to consider this question" have concluded accordingly).

Here, Hanson is the only representative. He does not allege residency in Nevada and he does not allege to have purchased MGM gift cards there—rather, he alleges that he is a Washington resident, ¶ 10, and that Washington is where he bought the gift cards, ¶ 36. It is plain from these allegations that the interests of non-representative parties are not fairly encompassed within Hanson's claims. *See Gen. Tel. Co. of Sw.*, 457 U.S. at 160. Thus, these are defects that the Court can resolve on the pleadings. *See Pardini*, 961 F. Supp. 2d at 1061. Because Hanson is the only representative and the gift card transaction did not occur in Nevada, the Court **DISMISSES** the Nevada DTPA claim.

**B.     Contract, CPA, and Warranty Claims (First, Third, Fifth, and Sixth Claims)**

Defendants contend that Hanson's claims for breach of contract, violation of the

ORDER – 4

Washington CPA, and breach of express warranty must be dismissed because he cannot prove actual damages. Hanson contends that his complaint contains allegations of damages that are sufficient to substantiate these claims.

Defendants' effort to show that Hanson did not sustain damages is unpersuasive. Defendants rely on evidence of transaction histories to claim that they have reimbursed all inactivity fees charged against Hanson's 140 MGM gift cards. Dkt. # 17 at 91; Dkt. # 24-1. This evidence, however, is beyond the permissible scope of documents that the Court can rely upon when resolving a motion to dismiss. "Documents not physically attached to the complaint may be considered only if (1) their authenticity is not contested and (2) the complaint necessarily relies on them." *F.D.I.C. v. Clementz*, No. C13-737-MJP, 2013 WL 6212166, at *1 (W.D. Wash. Nov. 27, 2013) (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)). To rely upon Defendants' documents claiming that they refunded the inactivity fees would run afoul of this principle because Hanson's complaint does not necessarily rely on those documents. The Court **DENIES** Defendants' motion to dismiss as to Hanson's contract, CPA, and warranty claims.[1]

### C. Motion to Strike Washington CPA Class

Defendants contend that, to the extent Hanson's CPA claim survives this motion, the Court should strike his proposed Washington CPA class as overbroad.[2] The proposed

---

[1] The Court notes that Defendants rely extensively on an unpublished Washington Court of Appeals decision from 2003 to argue that Hanson's CPA claim should be dismissed. Dkt. # 16 at 13 (citing *Retail Race v. Fleetwood Retail Corp. of Wash.*, No. 20722-6-III, 2003 WL 1901274, at *4 (Wash. Ct. App. Apr, 17, 2003)). Under Washington General Rule 14.1, an unpublished opinion of the Court of Appeals can be cited only if it was filed on or after March 1, 2013 and, even then, it can be cited only for persuasive value and must be identified by the citing party as unpublished. Wash. GR 14.1. While GR 14.1 is not binding in federal court, the Court nevertheless follows GR 14.1 as a matter of comity. *Cont'l W. Ins. Co. v. Costco Wholesale Corp.*, No. C10-1987 RAJ, 2011 WL 3583226, at *4 (W.D. Wash. Aug. 15, 2011) ("Because Washington courts have made the judgment that 'unpublished' state court decisions should not shape their decisions, this court follows their lead."). The parties are advised accordingly.

[2] Defendants also assert this argument as a basis to strike Hanson's proposed Nevada DTPA class. Because the Court has dismissed his Nevada DTPA claim, it is unnecessary to address this argument.

ORDER – 5

Washington CPA class encompasses "[a]ll individuals in the United States" who purchased similar MGM gift cards from Costco within four years prior to the filing of this action. According to Defendants, this means the class includes individuals who purchased gift cards in states outside of Washington, and thus, that the class violates the principle that "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place." *Mazza*, 666 F.3d at 594. Hanson contends this class is permissible in scope and that it would be premature to strike the proposed class without discovery.

The Court agrees with Hanson that it would be premature to strike his proposed Washington CPA class. Without discovery, the Court has no way of knowing whether proposed class members actually purchased an MGM gift card meeting the class criteria outside of Washington state. Unlike the Nevada DTPA claim, as to which it is clear from the pleadings that Hanson is not a sufficient class representative and that dismissal is necessary, no similarly clear basis exists for striking the proposed Washington CPA class. The Court **DENIES** Defendants' alternative motion to strike.

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss (Dkt. # 16). Having deferred the entry of a case schedule pending the resolution of this motion to dismiss, the Court **DENIES as moot** Hanson's Motion for Extension of Time to File a Motion for Class Certification (Dkt. # 25). The deadline for moving for class certification will be stated in the forthcoming scheduling order.

DATED this 20th day of July, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER – 6