EXHIBIT 1

THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

DAVID HANSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MGM RESORTS INTERNATIONAL, a Delaware corporation, and COSTCO WHOLESALE CORPORATION, a Delaware corporation,

Defendants.

Case No. 2:16-cv-01661

**STIPULATION OF CLASS ACTION SETTLEMENT**

IT IS HEREBY STIPULATED AND AGREED, by, between, and among plaintiff David Hanson ("Plaintiff"), on behalf of himself and all Settlement Class Members as defined herein, and defendants MGM Resorts International and Costco Wholesale Corporation ("Defendants") that the lawsuit originally captioned *David Hanson v. MGM Resorts International, et al.*, Case No. 2:16-cv-01661, in the United States District Court for the Western District of Washington (the "Litigation") and the matters raised by, or which could have been raised by, the Litigation related to the collection of "inactivity fees" are settled, compromised, and dismissed on the merits and with prejudice on the terms and conditions set forth in this Settlement Agreement and the Release set forth herein, subject to the approval of the Court.

## RECITALS

A.      On October 24, 2016, Plaintiff David Hanson filed a putative nationwide class action complaint in the Litigation.

B.      In the complaint, Plaintiff asserts claims for violations of the Electronic Funds Transfer Act, 15 U.S.C.A. § 1693 *et seq.*, violations of Washington's Consumer Protection Act, Wash. Rev. Code. Ann. § 19.86.010*, et seq.*, violations of the Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. Ann. § 41.600, and breach of contract and express warranty, alleging that Defendants sold and issued MGM Gift Cards without making the required pre-sale disclosures and charged unlawful "inactivity fees" on consumers who purchased the gift cards.

C.      Shortly after the complaint was filed, Defendants refunded Plaintiff and the other putative members of the misrepresented fee class the inactivity fees charged to them by placing the fees charged back on their MGM Gift Cards.

D.      Based upon the complaint, the informal discovery completed, and the Court's ruling on Defendants' motion to dismiss, the parties agreed to engage in settlement discussions.

E.      Class Counsel and Defense Counsel held numerous conference calls to discuss settlement, and after several rounds of arm's length negotiations over a period of months, arrived at an agreement to resolve the claims in the Litigation.

F.      Plaintiff believes that his claims have merit, and that he would have ultimately

1   succeeded in obtaining adversarial certification of the proposed Settlement Class, and in

2   prevailing on the merits at summary judgment or at trial. Nonetheless, Plaintiff and Class

3   Counsel recognize that Defendants have raised factual and legal defenses that present a risk that

4   Plaintiff may not prevail and/or that a class might not be certified for trial. Plaintiff and Class

5   Counsel have also taken into account the uncertain outcome and risks of any litigation, especially

6   in complex actions, as well as the difficulty and delay inherent in such litigation. Therefore,

7   Plaintiff believes that it is desirable that the Released Claims be fully and finally compromised,

8   settled, and resolved with prejudice, and barred pursuant to the terms and conditions set forth in

9   this Agreement.

10       G.      Based on their comprehensive examination and evaluation of the law and facts

11   relating to the matters at issue, Class Counsel has concluded that the terms and conditions of this

12   Agreement are fair, reasonable, and adequate to resolve the alleged claims of the Settlement

13   Class, and that it is in the best interests of the Settlement Class Members to settle the Released

14   Claims pursuant to the terms and conditions set forth in this Agreement.

15       H.      Defendants have denied, and continue to deny, each and every allegation of

16   liability, wrongdoing, and damages, as they have substantial factual and legal defenses to all

17   claims and class allegations in the Litigation. Defendants have always maintained, and continue

18   to maintain, that they have acted in accordance with all applicable agreements and governing

19   law. Nonetheless, after extensive consideration and analysis of the factual and legal issues

20   presented in the Litigation and after engaging in extensive settlement discussions, Defendants

21   concluded that the Litigation should be fully and finally settled on a class-wide basis in light of

22   the expense, risk, and uncertainty of continued litigation, the expense that would be necessary to

23   prosecute the Litigation through trial, the likelihood of success at trial, and any appeals that

24   might be taken. Without admitting any liability or wrongdoing whatsoever, Defendants agree to

25   the terms of this Agreement, in order to resolve all issues relating to the subject matter of the

26   Litigation.

27   **1.    DEFINITIONS**

As used herein, in addition to any definitions set forth elsewhere in this Agreement, the following terms shall have the meanings set forth below:

1.1.    **"Agreement"** or **"Settlement"** or **"Settlement Agreement"** means this Stipulation of Class Action Settlement (including all exhibits hereto).

1.2.    **"Defendants"** means MGM Resorts International and Costco Wholesale Corporation.

1.3.    **"Defendants' Counsel"** means attorneys Aravind Swaminathan and Charles Ha of Orrick, Herrington & Sutcliffe LLP.

1.4.    **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that is (a) timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement, (b) is fully completed and physically signed or electronically signed by the Settlement Class Member, and (c) satisfies the conditions of eligibility for a settlement payment as set forth in this Agreement.

1.5.    **"Class Counsel"** means attorneys Rafey S. Balabanian and Eve-Lynn Rapp of Edelson PC.

1.6.    **"Claim Deadline"** means the date by which a Claim Form must be postmarked or received to be considered timely and shall be set at a date no later than sixty (60) days after the Notice Date. The Claim Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice.

1.7.    **"Claim Form"** means the claim form substantially in the form as attached as Exhibit A.

1.8.    **"Class Representative"** means the named Plaintiff, David Hanson.

1.9.    **"Court"** means the Honorable Richard A. Jones of the United States District Court for the Western District of Washington or any other judge presiding over the Litigation in his stead.

1.10.    **"Effective Date"** means one business day following the later of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Judgment; (ii) if there is an

appeal or appeals, other than an appeal or appeals solely with respect to attorneys' fees and reimbursement of expenses, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Final Judgment.

1.11. **"Fee Award"** means the amount of attorneys' fees and reimbursement of costs to Class Counsel, including any expenses incurred by Class Counsel related to providing Notice, as awarded by the Court.

1.12. **"Final Approval Hearing"** means the hearing before the Court where the parties will request that the Final Judgment be entered by the Court finally approving the Settlement as fair, reasonable and adequate, and approving the Fee Award and the incentive award to the Class Representative.

1.13. **"Final Judgment"** means the final judgment to be entered by the Court approving the class settlement of the Litigation in accordance with the Agreement after the Final Approval Hearing.

1.14. **"MGM Gift Card" or "Gift Card"** means any and all MGM Gift Cards purchased in the United States regardless of where the gift card was offered for sale or purchased by an individual.

1.15. **"Notice"** means the notice of this proposed Settlement and Final Approval Hearing, which is to be disseminated to the Settlement Class substantially in the manner set forth in this Agreement, fulfills the requirements of Due Process and Fed. R. Civ. P. 23, and is substantially in the form of Exhibits B-D attached hereto.

1.16. **"Notice Date"** means the date upon which the Notice is complete, which shall be a date no later than thirty (30) days after entry of Preliminary Approval.

1.17.   **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a member of the Settlement Class must be postmarked and/or filed with the Court, which shall be designated as a date no later than (45) days following the Notice Date, or such other dates as ordered by the Court.

1.18.   **"Person"** means any individual, corporation, trust, partnership, limited liability company, or other legal entity and their respective predecessors, successors or assigns.

1.19.   **"Plaintiff"** means the named-plaintiff in the Litigation, David Hanson.

1.20.   **"Preliminary Approval"** means the Court's Order preliminarily approving the Settlement, certifying the Settlement Class for settlement purposes, and approving the form and manner of the Notice.

1.21.   **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, actual, statutory, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged collection of inactivity fees from Settlement Class Members' MGM Gift Cards including all claims that were brought or could have been brought in the Litigation relating to the MGM Gift Cards belonging to any and all Releasing Parties.

1.22.   **"Released Parties"** means Defendants, as well as all of their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliated and related entities, employers, employees, agents, representatives, consultants, independent contractors, directors, managing directors, officers, partners, principals,

members, attorneys, accountants, financial and other advisors, investment bankers, insurers,

underwriters, shareholders, lenders, auditors, investment advisors,  firms, trusts, corporations,

officers, and any other representatives of any of these Persons and entities.

1.23. **"Releasing Parties"** means Plaintiff, the Settlement Class Members, and each of

their respective present or past heirs, executors, estates, administrators, predecessors, successors,

assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants,

independent contractors, vendors, insurers, directors, managing directors, officers, partners,

principals, members, attorneys, accountants, financial and other advisors, investment bankers,

underwriters, lenders, and any other representatives of any of these Persons and entities.

1.24. **"Settlement Administrator"** means Heffler Claims Group, a third-party

Settlement Administrator, agreed to by the parties and retained by Defendants to administer the

Settlement Agreement.

1.25. "**Settlement Administration Expenses**" means only the reasonable expenses

incurred by the Settlement Administrator in or relating to administering the Settlement

Agreement, providing Notice, processing Claim Forms, mailing checks for Approved Claims, as

well as any costs incurred in sending the CAFA notice, and other such related expenses, with all

such expenses to be paid from the Settlement Fund.

1.26. **"Settlement Class"** means all individuals in the United States who, from October

24, 2010 to the date of Preliminary Approval of the settlement, purchased an MGM Gift Card

and were assessed an inactivity fee that was deducted from the balance of funds remaining on the

Gift Card. Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over

this action and their family members; (2) Defendants, Defendants' subsidiaries, parents,

successors, predecessors, and any entity in which Defendants or its parents have a controlling

interests and its current or former employees, officers, and directors; (3) persons who properly

execute and file a timely request for exclusion from the Settlement Class; and (4) counsel for all

Parties and members of their families.

1.27.   **"Settlement Class Member"** means an individual who falls within the definition of the Settlement Class and who does not timely submit a valid request for exclusion from the Settlement pursuant to Section 4.4 of this Agreement.

1.28.   **"Settlement Fund"** means a non-reversionary cash settlement fund to be established by Defendants in the amount of one hundred and fifty thousand dollars ($150,000.00) as full and complete consideration for the settlement of the Released Claims against the Released Parties.  The Settlement Fund shall be maintained and controlled by the Settlement Administrator as escrow agent.  The Settlement Fund will be established as follows: (1) within fourteen (14) calendar days of an order preliminarily approving the Settlement, Defendants shall deposit the estimated costs of class notice and initial administration costs (estimate provided by Settlement Administrator) into the Settlement Fund and (2) within fifteen (15) calendar days of the Effective Date, Defendants shall deposit the remaining balance of the Settlement Fund. The Settlement Fund shall be used to make payments for all relief to Settlement Class Members, any incentive award to the Class Representative, Settlement Administration Expenses, and any Fee Award to Class Counsel. The Settlement Fund represents the total extent of Defendants' monetary obligations under this Agreement.

1.29.   **"Settlement Website"** means the website to be created, launched, and maintained by the Settlement Administrator, and which provides access to relevant case documents including the Notice. The Settlement Website shall remain accessible until at least sixty (60) days after the Effective Date.

1.30.   **"Unknown Claims"** means claims that could have been raised in the Litigation, and that Plaintiff, any Settlement Class Member, or any of the Releasing Parties, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, to object or not to object to the Settlement. Upon the Effective Date, Plaintiff, the Settlement Class Members, and the Releasing Parties shall be deemed to have, and shall have,

expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR

Upon the Effective Date, Plaintiff, the Settlement Class Members, and the Releasing Parties each shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Plaintiff, the Settlement Class Members, and the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

## 2.    SETTLEMENT RELIEF

### 2.1.    Monetary Payments to Settlement Class Members

a.      Each Settlement Class Member shall be entitled to a payment of a *pro rata* share of the amount remaining in the Settlement Fund after payment of any incentive award to the Class Representative, Settlement Administration Expenses, and any Fee Award.

b.      Within sixty (60) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall pay from the Settlement Fund each Settlement Class Member who files an Approved Claim their *pro rata* share of the Fund as outlined in this Agreement. The payments shall be made by check, and will state on the face of the check that the

check will expire and become null and void unless cashed within ninety (90) days after the date

of issuance.  All checks shall be sent by first-class U.S. mail,

**3.      RELEASE**

3.1.     The obligations incurred pursuant to this Settlement Agreement shall be a full and

final disposition of the Litigation and any and all Released Claims, as against all Released

Parties.

3.2.     **The Release.** Upon the Effective Date, and in consideration of the Settlement

relief described herein, the Releasing Parties, and each of them, shall be deemed to have

released, and by operation of the Final Judgment shall have, fully, finally, and forever, released,

relinquished and discharged all Released Claims up through and including the Effective Date

against each and every one of the Released Parties.

**4.      NOTICE**

4.1.     The Notice shall include:

a.      *Class List*. Defendants agree that they shall provide to the Settlement

Administrator a list of all names, U.S. Mail, and email addresses of Settlement Class Members

that they have in their records or which they can compile with reasonable efforts (the "Class

List") as soon as practicable, but by no later than seven (7) days after the entry of Preliminary

Approval. For the Settlement Class Members for whom they do not have a U.S. Mail or email

address, Defendants agree to produce to the Settlement Administrator information necessary to

obtain these Settlement Class Members' contact information, so that they may be added to the

Class List.  Defendants agree to reasonably cooperate with the Settlement Administrator in its

effort to retrieve Settlement Class Member contact information from any third party. The

Settlement Administrator shall keep the Class List and all personal information obtained

therefrom, including the identity, telephone numbers, U.S. mailing address, credit card numbers,

and email address strictly confidential and will not use the class list for any purpose other than

the administration of this Settlement Agreement.

b.     *Direct Notice.* No later than thirty (30) days after the entry of Preliminary

Approval, the Settlement Administrator shall send Notice via email substantially in the form

attached as Exhibit B to all individuals in the Settlement Class for whom an email address is

available in the Class List. If no email address is available for an individual in the Settlement

Class, or in the event that the transmission of any email notice results in a "bounce-back" email,

the Settlement Administrator shall, no later than forty-five (45) days after the entry of

Preliminary Approval, send Notice via First Class U.S. Mail through a postcard notice in the

form attached as Exhibit C, to each physical address in the Class List.

c.     *Internet Notice.* Within twenty-one (21) days after the entry of Preliminary

Approval, the Settlement Administrator shall develop, host, administer, and maintain the

Settlement Website, which will contain a notice substantially in the form of Exhibit D attached

hereto.

d.     *Online Media*: The Direct Notice and Internet Notice identified above

shall be supplemented through targeted Facebook ads substantially designed by the Settlement

Administrator and approved by the parties.

e.     *CAFA Notice*: The Settlement Administrator shall serve notice of the

settlement that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal

and state officials not later than ten (10) days after the filing of this Settlement Agreement with

the Court. Defendants shall file with the Court a certification of the date(s) on which the CAFA

Notice was served.

4.2.     The Notice shall advise the Settlement Class of their rights under the Settlement,

including the right to be excluded from or object to the Settlement or its terms. The Notice shall

specify that any objection to this Settlement, and any papers submitted in support of said

objection, shall be received by the Court at the Final Approval Hearing, only if, on or before the

Objection/Exclusion Deadline approved by the Court and specified in the Notice, the individual

making an objection shall file notice of his or her intention to do so and at the same time (a) file

copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk

of the Court, and (b) send copies of such papers via mail, hand, or overnight delivery service to Class Counsel and Defendants' Counsel.

     4.3.    **Right to Object or Comment.** Any Settlement Class Member who intends to intervene and object to this Settlement must present the objection in writing, which must be personally signed by the objector and must include: (i) the Settlement Class Member's full name and current address, (ii) a statement that he or she purchased a MGM Gift Card and were assessed an inactivity fee that was deducted from the balance of funds remaining on the Gift Card, (iii) the specific grounds for the objection, (iv) all documents or writings that the Settlement Class Member desires the Court to consider, (v) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (vi) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance). All written objections must be filed and postmarked, emailed or submitted to the Settlement Website no later than the Objection/Exclusion Deadline. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this section and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Litigation or any other action or proceeding.

     4.4.    **Right to Request Exclusion.** Any individual in the Settlement Class may submit a request for exclusion from the Settlement on or before the Objection/Exclusion Deadline. To be valid, any request for exclusion must (i) be in writing; (ii) identify the case name "*Hanson v. MGM Resorts International, et al.*, Case No. 2:16-cv-01661 (W.D. Wash.)," (iii) state the name, address and telephone number of the Person in the Settlement Class seeking exclusion; (iv) be

physically signed by the individual(s) seeking exclusion; and (v) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. Each request for exclusion must also contain a statement to the effect that "I/We hereby request to be excluded from the proposed Settlement Class." A request for exclusion that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked, emailed or submitted to the Settlement Website within the time specified, shall be invalid and the individual serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Settlement Class Members by this Settlement Agreement, if approved. Any individual who elects to request exclusion from the Settlement Class shall not (i) be bound by any orders or Final Judgment entered in the Litigation, (ii) be entitled to relief under this Agreement, (iii) gain any rights by virtue of this Agreement, or (iv) be entitled to object to any aspect of this Agreement. No individual may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

**5.      SETTLEMENT ADMINISTRATION**

     5.1.    The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement.  The Settlement Administrator shall maintain reasonably detailed records of their administration activities under this Agreement.  The Settlement Administrator shall maintain all such records as are required by applicable law and such records will be made available to Class Counsel upon request.  The Settlement Administrator shall also provide reports and other information to the Court as the Court may require.  The Settlement Administrator shall provide Class Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties shall submit a timely report to the Court summarizing the administration work performed by the Settlement Administrator. Without limiting the foregoing, the Settlement Administrator  shall:

          a.      Forward to Class Counsel all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof; and,

b.      Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel copies thereof. If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, they shall promptly provide copies thereof to Class Counsel.

**6.      PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER**

6.1.    **Preliminary Approval Order.** Promptly after execution of this Agreement, Class Counsel shall submit this Agreement to the Court and shall move the Court to enter an order preliminarily approving the Settlement, which shall include, among other provisions, a request that the Court:

a.      appoint Plaintiff Hanson as Class Representative of the Settlement Class;

b.      appoint Class Counsel to represent the Settlement Class;

c.      certify the Settlement Class under Fed. R. Civ. P. 23 for settlement purposes only, and without prejudice to Defendants' right to contest class certification if this Agreement is not approved;

d.      preliminarily approve this Agreement for purposes of disseminating Notice to the Settlement Class;

e.      approve the form and contents of the Notice and the method of its dissemination to the Settlement Class; and

f.      schedule a Final Approval Hearing to review comments and/or objections regarding this Agreement, to consider its fairness, reasonableness and adequacy, to consider the application for a Fee Award and incentive award to the Class Representative, and to consider whether the Court shall issue a Final Judgment approving this Agreement, granting Class Counsel's application for the Fee Award and the incentive award to the Class Representative, and dismissing the Litigation with prejudice.

6.2.    **Final Approval Order.** After Notice to the Settlement Class is given, Class Counsel shall move the Court for entry of a Final Judgment, which shall include, among other provisions, a request that the Court:

a.    find that it has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve this Settlement Agreement, including all attached Exhibits;

b.    certify the Settlement Class solely for purposes of this Settlement;

c.    approve the Agreement and the proposed Settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the parties and their counsel to implement and consummate the Settlement Agreement according to its terms and conditions; and declare the Settlement Agreement to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties;

d.    find that the Notice implemented pursuant to the Settlement Agreement (1) constitutes the best practicable notice under the circumstances, (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and their rights to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing, (3) is reasonable and constitutes due, adequate and sufficient notice to all individuals entitled to receive notice, and (4) fulfills the requirements of Due Process and Fed. R. Civ. P. 23;

e.    find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

f.    dismiss the Litigation on the merits and with prejudice, without fees or costs to any party except as provided in this Agreement;

g.    incorporate the Release set forth above, make the release effective as of the date of the Final Judgment, and forever discharge the Released Parties as set forth herein

h.    authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) that (1) shall be consistent in

all material respects with the Final Judgment, and (2) do not limit the rights of Settlement Class Members;

        i.     without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction over the Settlement Administrator, Plaintiff, Defendants, the Settlement Class Members, and the Releasing Parties as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

        j.     incorporate any other provisions, consistent with the material terms of this Agreement, as the Court deems necessary and just.

## 7.   TERMINATION

7.1.   The Class Representative, on behalf of the Settlement Class Members, and Defendants, shall have the right to terminate this Agreement by providing written notice of his, her or its election to do so ("Termination Notice") to all other Parties hereto pursuant to Section 11 of this Agreement or within ten (10) days of: (i) the Court's refusal to grant Preliminary Approval of the Agreement in any material respect, (ii) the Court's refusal to enter the Final Judgment in any material respect, and (iii) the date upon which the Final Judgment is modified or reversed in any material respect by any appellate or other court.

7.2.   Defendants in its sole discretion may elect to terminate this Agreement if the number of Persons in the Settlement Class who file valid, timely requests for exclusions exceeds 5% of the number of Approved Claims.  Defendants' election to terminate pursuant to this paragraph must be made in writing and be delivered by hand or overnight courier to Class Counsel and the Court on or before fourteen (14) calendar days after the receipt of all of the copies of the requests for exclusion, on or before fourteen (14) calendar days after the Court grants additional exclusions for any reason, or on or before three (3) business days before the Final Approval Hearing, whichever occurs last. Upon the exercise of Defendants of the option to terminate, this Agreement is nullified as set forth below in Section 9.2.

**8.    INCENTIVE AWARD AND CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

8.1.    **The Fee Award.** Defendants agree to pay to Class Counsel reasonable attorneys' fees as well as unreimbursed expenses in an amount to be determined by the Court and paid solely from the Settlement Fund. Class Counsel will petition the Court for an award of reasonable attorneys' fees as well as unreimbursed expenses incurred in the Litigation as the Fee Award, and the amount of the Fee Award will be determined by the Court based on this petition. Class Counsel has agreed, with no consideration from Defendants, to limit their request for attorneys' fees to no more than thirty-three and one third percent (33 1/3%) of the Settlement Fund. Payment of the Fee Award shall be made from the Settlement Fund, and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this paragraph shall remain in the Settlement Fund to be distributed to Settlement Class Members. The Fee Award shall be paid within fourteen (14) days after the Effective Date. Payment of the Fee Award shall be made by the Settlement Administrator via wire transfer to an account designated by Class Counsel after providing necessary information for electronic transfer.

8.2.    **Incentive Award.** In addition to any settlement payments under the Agreement and in recognition of his efforts on behalf of the Settlement Class, subject to Court approval, Defendants agree that the Class Representative shall be entitled to a reasonable incentive award in the amount of $5,000 to be paid from the Settlement Fund.  The Settlement Administrator shall disburse (by wire) from the Settlement Fund to Class Counsel, the incentive award approved by the Court within fourteen (14) days after the Effective Date. Payment of the incentive award shall be made via check to the Class Representative, with such check to be sent care of Class Counsel.

**9.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

9.1.    The Effective Date of this Agreement shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs:

a.    this Agreement has been signed by the Parties, Class Counsel and Defendants' Counsel;

b.    the Court has entered an order granting Preliminary Approval of the Agreement;

c.    neither party has exercised its right to terminate this Agreement pursuant to Section 7.1;

d.    Defendants have not exercised their option to withdraw or terminate this Agreement pursuant to Section 7.2;

e.    the Court has entered an order finally approving the Settlement Agreement, following notice to the Settlement Class and a Final Approval Hearing, and has entered the Final judgment, or a judgment substantially consistent with this Agreement; and

f.    in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") to which the parties have consented, that Alternative Judgment has become final and non-appealable as if it were a Final Judgment.

9.2.    If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Settlement Agreement is not approved by the Court, or the Settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 9.3, unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with this Agreement. If any party is in material breach of the terms hereof, any other party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all other parties. Notwithstanding anything herein, the parties agree that the decision of the Court as to the amount of the Fee Award to Class Counsel set forth above or the incentive

award to the Class Representative, regardless of the amounts awarded, shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination of the Agreement.

9.3.    If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 7.1, 7.2, 9.1, or 9.2 above, the parties shall be restored to their respective positions in the Litigation as of the date of the signing of this Agreement. In such event, the certification of the Settlement Class and any Final Judgment or other order entered by the Court in the Litigation in accordance with the terms of this Agreement shall be deemed vacated, *nunc pro tunc* and without prejudice to Defendants' right to contest class certification, the Parties shall be returned to the *status quo ante* with respect to the Litigation as if this Agreement had never been entered into.

**10.    MISCELLANEOUS PROVISIONS.**

10.1.    The parties: (1) acknowledge that it is their intent to consummate this Settlement Agreement; and (2) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendants' Counsel agree to cooperate with one another in seeking entry of an order granting Preliminary Approval of this Agreement and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement. The Parties further stipulate to stay all proceedings in the Litigation until the approval of this Settlement Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, affidavits, and other matters necessary to obtain and preserve final judicial approval of this Settlement Agreement.

10.2.    The parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff, the Settlement Class Members, and the Releasing Parties, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the

1   parties agree not to assert in any forum that the Litigation was brought by Plaintiff or defended

2   by Defendants, or each or any of them, in bad faith or without a reasonable basis.

3       10.3.   The parties have relied upon the advice and representation of counsel, selected by

4   them, concerning the claims hereby released. The parties have read and understand fully this

5   Agreement and have been fully advised as to the legal effect hereof by counsel of their own

6   selection and intend to be legally bound by the same.

7       10.4.   Whether the Effective Date occurs or this Settlement Agreement is terminated,

8   neither this Agreement nor the Settlement contained herein, nor any act performed or document

9   executed pursuant to or in furtherance of this Agreement or the Settlement:

10          a.      is, may be deemed, or shall be used, offered or received against the

11  Released Parties, or each or any of them as an admission, concession or evidence of, the validity

12  of any Released Claims, the truth of any fact alleged by Plaintiff, the deficiency of any defense

13  that has been or could have been asserted in the Litigation, the violation of any law, statute,

14  regulation or standard of care, the reasonableness of the Settlement amount or the Fee Award, or

15  of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

16          b.      is, may be deemed, or shall be used, offered or received against

17  Defendants as, an admission, concession or evidence of any fault, misrepresentation or omission

18  with respect to any statement or written document approved or made by the Released Parties, or

19  any of them;

20          c.      is, may be deemed, or shall be used, offered or received against Plaintiff or

21  the Settlement Class, or each or any of them as an admission, concession or evidence of, the

22  infirmity or strength of any claims asserted in the Litigation, the truth or falsity of any fact

23  alleged by Defendants, or the availability or lack of availability of meritorious defenses to the

24  claims raised in the Litigation;

25          d.      is, may be deemed, or shall be used, offered or received against the

26  Released Parties, or each or any of them as an admission or concession with respect to any

27  liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal

1  or administrative proceeding in any court, administrative agency or other tribunal. However, the

2  Settlement, this Agreement, and any acts performed and/or documents executed in furtherance of

3  or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be

4  necessary to effectuate the provisions of this Agreement. Moreover, if this Settlement Agreement

5  is approved by the Court, any Party or any of the Released Parties may file this Settlement

6  Agreement and/or the Final Judgment in any action that may be brought against such party or

7  parties in order to support a defense or counterclaim based on principles of *res judicata*,

8  collateral estoppel, release, good faith settlement, judgment bar or reduction, accord and

9  satisfaction, or any other theory of claim preclusion or issue preclusion, or similar defense or

10  counterclaim;

11       e.      is, may be deemed, or shall be construed against Plaintiff and the

12  Settlement Class, or each or any of them, or against the Released Parties, or each or any of them,

13  as an admission or concession that the consideration to be given hereunder represents an amount

14  equal to, less than or greater than that amount that could have or would have been recovered after

15  trial; and

16       f.      is, may be deemed, or shall be construed as or received in evidence as an

17  admission or concession against Plaintiff and the Settlement Class, or each and any of them, or

18  against the Released Parties, or each or any of them, that any of Plaintiff's claims or the claims

19  of the Settlement Class are with or without merit or that damages recoverable in the Litigation

20  would have exceeded or would have been less than any particular amount.

21       10.5.   The headings used herein are used for the purpose of convenience only and are not

22  meant to have legal effect.

23       10.6.   The waiver by one party of any breach of this Agreement by any other party shall

24  not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

25       10.7.   All of the exhibits to this Settlement Agreement are material and integral parts

26  hereof and are fully incorporated herein by reference.

27

10.8.   This Agreement and its exhibits set forth the entire agreement and understanding of the parties with respect to the matters set forth herein, and supersedes all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all parties or their respective successors-in-interest.

10.9.   Except as otherwise provided herein, each party shall bear its own attorneys' fees and costs incurred in any way related to the Litigation.

10.10.   Plaintiff represent and warrant that they have not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other Person or party and that they are fully entitled to release the same.

10.11.   Each counsel or other Person executing this Settlement Agreement, any of its exhibits, or any related settlement documents on behalf of any party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

10.12.   This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.13.   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

10.14.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Washington without reference to the conflicts of laws provisions thereof.

10.15.  This Settlement Agreement is deemed to have been prepared by counsel for all parties, as a result of arm's-length negotiations among the parties. Whereas all parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

10.16.  Where this Settlement Agreement requires notice to the parties, such notice shall be sent to the undersigned counsel:

For Plaintiff:                                    For Defendant:

Rafey S. Balabanian                        Aravind Swaminathan
Eve-Lynn J. Rapp                            Charles Ha
Edelson PC                                      Orrick, Herrington & Sutcliffe LLP
123 Townsend, Suite 100                701 5th Avenue, Suite 5600
San Francisco, California 94109       Seattle, Washington 98104-7097


[SIGNATURES APPEAR ON FOLLOWING PAGE]

1    IN WITNESS WHEREOF, the Settling Parties have executed and caused this Settlement

2  on the dates set forth below.

3

4    Dated: _____   By: _____

5                                                        Name:  Nathan Lloyd

6                                                        Title:  SVP & Legal Counsel

7                                                        *MGM Resorts International*

8

9    Dated: _____   By: _____

10                                                      Name:

11                                                      Title:

12                                                      *Costco Wholesale Corporation*

13

14

15    Dated: _____   By: _____

16                                                      David Hanson
                                                         *Plaintiff*

17

18

19

20

21

22

23

24

25

26

27

STIPULATION OF CLASS ACTION
SETTLEMENT - 24
(2:16-cv-01661)

1    IN WITNESS WHEREOF, the Settling Parties have executed and caused this Settlement

2  on the dates set forth below.

3

4    Dated: _____          By: _____

5                                          Name:  Nathan Lloyd

6                                          Title:  SVP & Legal Counsel

7                                          *MGM Resorts International*

8

9    Dated: _____          By: _____

10                                         Name: _____

11                                         Title: _____

12                                         *Costco Wholesale Corporation*

13

14

15   Dated: _____          By: _____

16                                         David Hanson
                                           *Plaintiff*

17

18

19

20

21

22

23

24

25

26

27

STIPULATION OF CLASS ACTION
SETTLEMENT - 24
(2:16-cv-01661)

1   IN WITNESS WHEREOF, the Settling Parties have executed and caused this Settlement

2 on the dates set forth below.

3

4  Dated: _____  By: _____

5              Name:

6              Title:

7              *MGM Resorts International*

8

9  Dated: _____  By: _____

10             Name:

11             Title:

12             *Costco Wholesale Corporation*

13

14          DocuSigned by:

15  Dated: _2/8/2018_____ By: *David Hanson*

16            39B61CF01CBB421...
            David Hanson

17            *Plaintiff*

18

19

20

21

22

23

24

25

26

27

# EXHIBIT A

### MGM INACTIVITY FEE SETTLEMENT CLAIM FORM

THIS CLAIM FORM MUST BE SUBMITTED ONLINE BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

Instructions: Fill out each section of this form and sign where indicated.

Name (First, M.I., Last): _____   _____   _____

Street Address: _____

City: _____   State: ____  ____   Zip Code: ____  ____  ____  ____  ____

Email Address (optional): _____

Contact Phone #: ( ___  ___  ___) ___  ___  ___ − ___  ___  ___  ___ (You may be contacted if further information is required.)

<u>Class Member Verification</u>: By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Settlement Class and that the following statements are true (each box must be checked to receive a payment):

□ I purchased a MGM Gift Card and was charged an inactivity fee after 12 months of non-use from the date presented on the MGM Gift Card and was a United States resident between October 24, 2010 and [Preliminary Approval Date].

□ All information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Signature: _____   Date: ___  ___/ ___  ___/ ___  ___

Print Name: _____

The Settlement Administrator will review your Claim Form; if accepted you will be mailed a check for a *pro rata* (meaning equal) share of the Settlement Fund. This process takes time, please be patient.

**Questions, visit [Settlement Website] or call [Settlement Administrator's Number]**

# EXHIBIT B

From:   MGMInactivityFeeSettlement@SettlementWebsite.com
To:      JonQClassMember@domain.com
Re:      Legal Notice of Class Action Settlement-- *David Hanson v. MGM Resorts International, et al.*, Case No. 2:16-cv-01661 (W.D. Wash.)

**Our Records Indicate You Were Charged an Inactivity Fee on Your MGM Gift Card and Are Entitled to a Payment from a Class Action Settlement.**

This notice is to inform you that a Settlement has been reached in a class action lawsuit claiming that Defendants MGM Resorts International and Costco Wholesale Corporation charged customers monthly inactivity fees in violation of the federal Electronic Funds Transfer Act and other state laws. MGM and Costco deny they violated any law, but have agreed to the Settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Class Member?** Our records indicate you may be a Class Member. Class Members are United States residents who from October 24, 2010 to [Preliminary Approval Date] were charged inactivity fees on their MGM Gift Cards.

**What Can I Get?** If the Settlement is approved by the Court, MGM and Costco will establish a Settlement Fund of $150,000 to pay all valid claims submitted by the Class, together with notice and administration expenses, attorneys' fees and costs, and an incentive award. If you are entitled to relief, you may submit a Claim Form to receive a *pro rata* (meaning equal) share of the Settlement Fund.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than** [claims deadline]. You can file a claim by clicking [link to Claim Form on Settlement Website.] Payment will be distributed to you via check from the Settlement Administrator.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the Settlement Administrator no later than [objection/exclusion deadline]. If you exclude yourself, you cannot get a Settlement payment, but you keep any rights you may have to sue MGM and Costco over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed Settlement. Your written objection must be filed no later than [objection/exclusion deadline]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at [Settlement Website]. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims against MGM and Costco relating to the alleged inactivity fees will be released.

**Who Represents Me?** The Court has appointed lawyers Rafey S. Balabanian and Eve-Lynn Rapp of Edelson PC to represent the Class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____ **.m. on** [Final Approval Hearing Date] at Suite 13128, United States

District Court, 700 Stewart Street, Seattle, Washington. At that hearing, the Court will: hear any objections concerning the fairness of the Settlement; determine the fairness of the Settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the class representative an award from the Settlement Fund for their service in helping to bring and settle this case. MGM and Costco have agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel will seek no more than 33 1/3% of the Settlement Fund, but the Court may award less than this amount. Class Counsel will file their motion for attorney's fees no later than _____ [insert date 14 days before objection deadline], and a copy of the motion will be available at [Settlement Website].

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to [Settlement Website], contact the Settlement Administrator at 1-___-___-____ or MGM Inactivity Fee Settlement Administrator, [address], or call Class Counsel at 1-866-354-3015.

# EXHIBIT C

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

MGM Inactivity Fee Settlement
Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

## OUR RECORDS INDICATE YOU WERE CHARGED AN INACTIVITY FEE ON YOUR MGM GIFT CARD AND ARE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

|||||||||||||||||||||||

Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

### MGM INACTIVITY FEE SETTLEMENT CLAIM FORM

THIS CLAIM FORM MUST BE SUBMITTED ONLINE BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

Instructions: Fill out each section of this form and sign where indicated.

Name (First, M.I., Last): _____   _____   _____

Street Address: _____

City: _____   State: ____ ____   Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___) ___ ___ ___ − ___ ___ ___ ___   (You may be contacted if further information is required.)

Class Member Verification: By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Settlement Class and that the following statements are true (each box must be checked to receive a payment):

□ I purchased a MGM Gift Card and was charged an inactivity fee after 12 months of non-use from the date presented on the MGM Gift Card and was a United States resident between October 24, 2010 and [Preliminary Approval Date].

□ All information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Signature: _____   Date: ____ ____/ ____ ____/ ____ ____

Print Name: _____

The Settlement Administrator will review your Claim Form; if accepted you will be mailed a check for a *pro rata* (meaning equal) share of the Settlement Fund based on the number of times you were charged an inactivity fee. This process takes time, please be patient.

**Questions, visit [Settlement Website] or call [Settlement Administrator's Number]**

A Settlement has been reached in a class action lawsuit claiming that Defendants MGM Resorts International and Costco Wholesale Corporation charged customers monthly inactivity fees in violation of the federal Electronic Funds Transfer Act and Nevada and Washington state law. MGM and Costco deny they violated any law, but have agreed to the Settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Class Member?** Our records indicate you may be a Class Member. Class Members are United States residents who from October 24, 2010 to [Preliminary Approval Date] were charged inactivity fees on their MGM Gift Cards.

**What Can I Get?** If the Settlement is approved by the Court, MGM and Costco will establish a Settlement Fund of $150,000 to pay all valid claims submitted by the Class, together with notice and administration expenses, attorneys' fees and costs, and an incentive award. If you are entitled to relief, you may submit a Claim Form to receive a *pro rata* (meaning equal) share of the Settlement Fund.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than [claims deadline]**. A Claim Form is attached to this Notice or you can file one online at [Settlement Website]. Payment will be distributed to you via check from the Settlement Administrator.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the Settlement Administrator no later than [objection/exclusion deadline]. If you exclude yourself, you cannot get a Settlement payment, but you keep any rights you may have to sue MGM and Costco over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed Settlement. Your written objection must be filed no later than [objection/exclusion deadline]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at [Settlement Website]. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims against MGM and Costco relating to the alleged inactivity fees will be released.

**Who Represents Me?** The Court has appointed lawyers Rafey S. Balabanian and Eve-Lynn Rapp of Edelson PC to represent the Class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____ .m. on [Final Approval Hearing Date] at Suite 13128 , United States District Court, 700 Stewart Street, Seattle, Washington. At that hearing, the Court will: hear any objections concerning the fairness of the Settlement; determine the fairness of the Settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representative an award from the Settlement Fund for their service in helping to bring and settle this case. MGM and Costco have agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel will seek no more than 33 1/3% of the Settlement Fund, but the Court may award less than this amount. Class Counsel will file their motion for attorney's fees no later than _____ [insert date 14 days before objection deadline], and a copy of the motion will be available at [Settlement Website].

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to [Settlement Website], contact the Settlement Administrator at 1-___-___-____ or MGM Inactivity Fee Settlement Administrator, [address], or call Class Counsel at 1-866-354-3015.

_____
_____
_____

MGM Inactivity Fee Settlement Administrator
c/o [Settlement Administrator]
PO Box 0000
City, ST 00000-0000

XXX

EXHIBIT D

### UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON
*Hanson v. MGM Resorts International, et al.*, Case No. 2:16-cv-01661-RAJ

## OUR RECORDS INDICATE YOU WERE CHARGED AN INACTIVITY FEE ON YOUR MGM GIFT CARD AND ARE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

***A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.***

- A Settlement has been reached in a class action lawsuit claiming that Defendants MGM Resorts International ("MGM") and Costco Wholesale Corporation ("Costco") charged customers monthly inactivity fees in violation of the federal Electronic Funds Transfer Act and other state laws.

- You are included if you are a United States resident who, from October 24, 2010 to [Preliminary Approval Date], purchased an MGM gift card and were assessed an inactivity fee that was deducted from the balance of funds remaining on the gift card.

- Persons included in the Settlement will be eligible to receive a *pro rata* (meaning equal) share of the Settlement Fund, calculated after payment of notice and administrative expenses, attorneys' fees, and an incentive award.

- Read this notice carefully. Your legal rights are affected whether you act or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue MGM and Costco about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue MGM and Costco about the claims in this case. |

Your rights and options—**and the deadlines to exercise them**—are explained in this Notice.

BASIC INFORMATION

## 1. Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Richard A. Jones of the U.S. District Court for the Western District of Washington, is overseeing this case. The case is called *Hanson v. MGM Resorts International, et al.*, Case No. 2:16-cv-01661-RAJ. The person who has filed suit, David Hanson, is called the Plaintiff. The Defendants are MGM Resorts International ("MGM") and Costco Wholesale Corporation ("Costco").

## 2. What is a class action?

In a class action, one or more people called class representatives (in this case, David Hanson) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the class.

## 3. What is this lawsuit about?

This lawsuit claims that MGM and Costco violated the federal Electronic Funds Transfer Act and other state laws by charging consumers unlawful inactivity fees on their MGM gift cards. MGM and Costco deny that they violated any law. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

## 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or the Defendants should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and class members will get compensation sooner rather than, if at all, after the completion of a trial.

WHO'S INCLUDED IN THE SETTLEMENT?

## 5. How do I know if I am in the Settlement Class?

The Court decided that everyone who fits the following description are members of the **Settlement Class**:

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR [SETTLEMENT WEBSITE]

All individuals in the United States who, from October 24, 2010 to [Preliminary Approval Date], purchased an MGM Gift Card and were assessed an inactivity fee that was deducted from the balance of funds remaining on the Gift Card.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

Defendants have created a Settlement Fund totaling $150,000.00. Class member payments, as well as the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys' fees and an award to the Class Representative will also come out of this fund (*see* Question 13).

A detailed description of the Settlement benefits can be found in the Settlement Agreement. [insert hyperlink]

### 7. How much will my payment be?

If you are member of the Settlement Class you may submit a Claim Form to receive a portion of the Settlement Fund. Each Class Member who files a valid claim will receive a proportionate share of the Settlement Fund after payment of notice and administrative expenses, attorneys' fees, and an incentive award. The amount of this payment will depend on how many of the class members file valid claims.

### 8. When will I get my payment?

The hearing to consider the fairness of the Settlement (*i.e.* the Final Approval Hearing, *see* Question 19) is scheduled for [Final Approval Hearing Date]. If the Court approves the Settlement at the Final Approval Hearing and no appeals are filed, the Court will enter a Final Judgment approving the class settlement of the case. Eligible class members whose claims were approved by the Settlement Administrator will receive their payment within 60 days of the entry of Final Judgment in the form of a check. All checks will expire and become void 90 days after they are issued.

## HOW TO GET BENEFITS

### 9. How do I get a payment?

If you are a Class Member and you want to get a payment, you must complete and submit a Claim Form by **[Claims Deadline]**. Claim Forms can be found and submitted online or you may have received a Claim Form in the mail as a postcard attached to a summary of this notice. To submit a Claim Form online or to request a paper copy, go to [Settlement Website] or call toll free, 1-800-000-0000.

We encourage you to submit your claim online. Not only is it easier and more secure, but it is completely free and takes only minutes!

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR [SETTLEMENT WEBSITE]

REMAINING IN THE SETTLEMENT

**10. What am I giving up if I stay in the Class?**

If the Settlement becomes final, you will give up your right to sue MGM and Costco for the claims being resolved by this Settlement related to the inactivity fees. The specific claims you are giving up against MGM and Costco are described in the Settlement Agreement. You will be "releasing" MGM and Costco as described in Section 3 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "court documents" link on the Settlement Website.

The Settlement Agreement describes the released claims, so read it carefully. If you have any questions you can talk to the lawyers listed in Question 12 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

**11. What happens if I do nothing at all?**

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against MGM or Costco for the claims being resolved by this Settlement.

THE LAWYERS REPRESENTING YOU

**12. Do I have a lawyer in the case?**

The Court has appointed Rafey S. Balabanian and Eve-Lynn Rapp of Edelson PC to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

**13. How will the lawyers be paid?**

MGM and Costco have agreed to pay Class Counsel attorneys' fees and costs in an amount to be determined by the Court. The fee petition will seek no more than one-third (33 1/3%) of the Settlement Fund, plus reimbursement of their costs and expenses; the Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Class Counsel will file with the Court and post on [Settlement Website] its request for attorneys' fees by [two weeks prior to objection deadline].

Subject to approval by the Court, MGM and Costco have agreed to pay the Class Representative a reasonable incentive award of $5,000 for his involvement in bringing and settling the case. The Plaintiff's incentive award will also be paid from the Settlement Fund.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the settlement in *Hanson v. MGM Resorts International, et al.*, Case No. 2:16-cv-01661-RAJ. Your letter or request for exclusion must also include your name, your address, a statement that you are a member of the Settlement Class and were charged an inactivity fee on your MGM Gift Card, your signature, the name and number of this case, and a statement that you wish to be excluded. You must mail or deliver your exclusion request no later than **[objection/exclusion deadline]** to:

MGM Inactivity Fee Settlement
0000 Street
City, ST 00000

### 15. If I don't exclude myself, can I sue the Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue MGM and Costco for the claims being resolved by this Settlement.

### 16. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do cannot submit a Claim Form to ask for benefits.

## OBJECTING TO THE SETTLEMENT

### 17. How do I object to the Settlement?

If you're a class member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Hanson v. MGM Resorts International, et al.*, Case No. 2:16-cv-01661-RAJ and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. If you have a lawyer, they must file an appearance and submit your objection through the court's e-filing system. Your letter or brief must also include

QUESTIONS? CALL 1-800-000-0000 TOLL FREE, OR [SETTLEMENT WEBSITE]

your name, your address, the basis upon which you claim to be a class member (including a statement that you were charged an inactivity fee on your MGM Gift Card), the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendants' Counsel listed below.

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief. File the objection with the Court and mail a copy to these three different places postmarked no later than **[objection deadline].**

| Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| The Hon. Richard A. Jones United States Courthouse 700 Stewart Street Suite 13128 Seattle, WA 98101-9906 | Rafey S. Balabanian Eve-Lynn Rapp Edelson PC 123 Townsend Street, Ste. 100 San Francisco, CA 94107 | Aravind Swaminathan Orrick, Herrington & Sutcliffe LLP 701 5th Avenue, Ste. 5600 Seattle, WA 98104-7097 |

**18. What's the difference between objecting and excluding myself from the Settlement?**

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

**19. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing at [time] on Month 00, 2018 in Courtroom 13106 at the United States District Court, 700 Stewart Street, Seattle, Washington. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider Class Counsel's request for attorneys' fees and expenses; and to consider the request for an incentive award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check [Settlement Website] or call 1-800-000-0000. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and

speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

## 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

## 21. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the final hearing to determine the Settlement's fairness. To do so, you must include in your letter or brief objecting to the Settlement, a statement giving your "Notice of Intent to Appear in United States District Court, 700 Stewart Street, Seattle, Washington." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **[objection deadline]**, and be sent to the three addresses listed in Question 17.

### GETTING MORE INFORMATION

## 22. Where do I get more information?

This Notice summarizes the Settlement. More details are in the Settlement Agreement and [Settlement Website]. You can get a copy of the Settlement Agreement at [Settlement Website]. You may also write with questions to MGM Inactivity Fee Settlement, P.O. Box 0000, City, ST 00000. You can call the Settlement Administrator at 1-800-000-0000 or Class Counsel at 1-866-354-3015, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

**PLEASE DO NOT WRITE OR CALL THE COURT OR THE DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT. IF YOU HAVE QUESTIONS, PLEASE CALL OR WRITE TO THE SETTLEMENT ADMINISTRATOR OR CLASS COUNSEL USING THE CONTACT INFORMATION PROVIDED**