# EXHIBIT 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

DAVID HANSON, individually and on behalf of all others similarly situated,

                 *Plaintiff*,

    *v.*

MGM RESORTS INTERNATIONAL, a Delaware corporation, and COSTCO WHOLESALE CORPORATION, a Delaware corporation,

                 *Defendants*.

Case No. 2:16-cv-01661 RAJ

**[Proposed] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND SCHEDULING A FINAL APPROVAL HEARING**

NOTE ON MOTION CALENDAR:
March 9, 2018

[Proposed] ORDER GRANTING PL.'S MOT. FOR PRELIMINARY APPROVAL Case No. 2:16-cv-01661 RAJ

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1    Upon review and consideration of Plaintiff's Motion for Preliminary Approval of Class

2 Certification and Class Action Settlement, including the Parties' Stipulation and Settlement

3 Agreement (the "Settlement Agreement") and all exhibits thereto, and having been fully advised

4 in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

5    1.    The Court has carefully reviewed the Settlement Agreement, as well as the files,

6 records, and proceedings to date in this matter. The terms and conditions in the Settlement

7 Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise

8 indicated, capitalized terms in this Order shall have the meanings attributed to them in the

9 Settlement Agreement.

10    2.    The Court has conducted an evaluation of the settlement set forth in the

11 Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary

12 evaluation, the Court finds that the Settlement Agreement meets all applicable requirements of

13 Fed. R. Civ. P. 23 for settlement purposes only. The Court further finds that: (i) there is good

14 cause to believe that the settlement is fair, reasonable, and adequate, (ii) the Settlement

15 Agreement has been negotiated at arm's length between experienced attorneys familiar with the

16 legal and factual issues of this case, and (iii) the Settlement Agreement warrants Notice of its

17 material terms to the Settlement Class for their consideration and reaction. Therefore, the Court

18 grants preliminary approval of the Settlement Agreement.

19    3.    Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and for settlement purposes only, the

20 Court finds that: (a) The proposed Settlement Class is so numerous that joinder of all members is

21 impracticable; (b) There are questions of law or fact common to the members of the Settlement

22 Class; (c) The claims of the Plaintiff are typical of the claims of the other members of the

23 Settlement Class; (d) Plaintiff and his counsel are capable of fairly and adequately protecting the

24 interests of the members of the Settlement Class, in connection with the Settlement Agreement;

25 (e) Common questions of law and fact predominate over questions affecting only individual

26 members of the Settlement Class; (f) The Settlement Class is ascertainable; and (g) Resolution of

27 the claims in this Litigation by way of a class action is superior to other available methods for the

[Proposed] ORDER GRANTING PL.'S MOT. FOR
PRELIMINARY APPROVAL
Case No. 2:16-cv-01661 RAJ

1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1    fair and efficient resolution of the claims of the Settlement Class.

2        4.    Pursuant to Fed. R. Civ. P. 23(b)(3), and for settlement purposes only, the Court

3    certifies the proposed "Settlement Class" consisting of: all individuals in the United States who,

4    from October 24, 2010 to the date of preliminary approval, purchased an MGM Gift Card and

5    were assessed an inactivity fee that was deducted from the balance of funds remaining on the

6    Gift Card. Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over

7    this action and their family members; (2) Defendants, Defendants' subsidiaries, parents,

8    successors, predecessors, and any entity in which Defendants or its parents have a controlling

9    interests and its current or former employees, officers, and directors; (3) persons who properly

10   execute and file a timely request for exclusion from the Settlement Class; and (4) counsel for all

11   Parties and members of their families.

12       5.    Pursuant to Fed. R. Civ. P. 23(g), for settlement purposes only, the Court hereby

13   approves the appointment of the following attorneys as Class Counsel and finds that they are

14   competent and capable of exercising the responsibilities of Class Counsel: Rafey S. Balabanian

15   and Eve-Lynn Rapp of Edelson PC.

16       6.    For settlement purposes only, the Court hereby approves the appointment of

17   Plaintiff Daniel Hanson as representative of the Settlement Class.

18       7.    A hearing regarding final approval of the Settlement ("Final Approval Hearing")

19   will be held at ___:00 ___.m. on _____, 2018 in

20   _____ before the Honorable Richard A. Jones, to determine,

21   among other things: (i) whether final approval of the Settlement Agreement should be granted

22   and (ii) whether Class Counsel's application for attorney's fees and expenses and an incentive

23   award to the Class Representative should be granted. No later than [insert date 14 days prior to

24   the Objection/Claims Deadline], Plaintiff must file his papers in support of Class Counsel's

25   application for attorneys' fees and expenses. No later than [insert date 14 days prior to the Final

26   Approval Hearing], Plaintiff must file his papers in support of final approval of the Settlement

27   Agreement and in response to any objections.

[Proposed] ORDER GRANTING PL.'S MOT. FOR     2
PRELIMINARY APPROVAL
Case No. 2:16-cv-01661 RAJ

8.      The Court approves the Notice in the Settlement Agreement, including the manner and content of direct notice attached as Exhibits B–C to the Settlement Agreement ("Direct Notice") and the creation of the Settlement Website, as more fully described in the Settlement Agreement and attached as Exhibit D thereto. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class of the pendency of this Litigation, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class. The Court further finds that Direct Notice and the other forms of Notice in the Settlement Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process and Rule 23. The Direct Notice shall be transmitted not less than thirty (30) days after the entry of this Order.

9.      Pursuant to the Settlement Agreement, Heffler Claims Group is hereby appointed as Settlement Administrator and shall be required to perform all of the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

10.      Any Settlement Class Member who wishes to be excluded from the Settlement Class must send a written request for exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the direct notice and Settlement Website ("Request for Exclusion"). To be valid, any request for exclusion must (i) be in writing; (ii) identify the case name "*Hanson v. MGM Resorts International, et al.*, Case No. 2:16-cv-01661 (W.D. Wash.)," (iii) state the name, address and telephone number of the Person in the Settlement Class seeking exclusion; (iv) be physically signed by the individual(s) seeking exclusion; and (v) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. Each request for exclusion must also contain a statement to the effect that "I/We hereby request to be excluded from the proposed Settlement Class." Mass or class opt outs shall not be allowed. If the proposed settlement is approved, any Settlement Class Member who has not submitted a timely and proper written Request for Exclusion from the

[Proposed] ORDER GRANTING PL.'S MOT. FOR       3
PRELIMINARY APPROVAL
Case No. 2:16-cv-01661 RAJ

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this

2  Litigation, even if he or she has pending, or subsequently initiates, litigation against Defendants

3  relating to any of the Released Claims in the Settlement Agreement.

4          11.      Any Settlement Class Member who has not filed a timely and proper written

5  request for exclusion and who complies with the requirements of this Paragraph may comment in

6  support of, or in opposition to, any aspect of the proposed Settlement either on his or her own or

7  through an attorney hired at his or her expense. Any papers submitted in support of said

8  objection shall be received by the Court at the Final Approval Hearing, only if the Person

9  making an objection files, on or before the Objection/Exclusion Deadline approved by the Court

10  and specified in the Notice, notice of his or her intention to do so and at the same time (a) files

11  copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk

12  of the Court, (b) files copies of such papers through the Court's CM/ECF system if the objection

13  is from a Settlement Class Member represented by counsel, who must also file an appearance,

14  and (c) sends copies of such papers via mail, hand, or overnight delivery service to both Class

15  Counsel and Defense Counsel at the following locations:

16
**Class Counsel**                          **Defense Counsel**
17  Rafey S. Balabanian                    Aravind Swaminathan
    Eve-Lynn Rapp                          Charles Ha
18  EDELSON PC                             ORRICK, HERRINGTON & SUTCLIFFE LLP
    123 Townsend, Suite 100                701 5th Avenue, Suite 5600
19  San Francisco, California 94107        Seattle, WA 98104-7097
    Telephone: (415) 212-9300             Telephone: (206) 839-4300
20  Facsimile: (415) 373-9435             Facsimile: (206) 839-4301

21

22
        12.      Any Settlement Class Member who intends to intervene and object to this
23
Settlement must present the objection in writing, which must be personally signed by the
24
objector and must include: (i) the Settlement Class Member's full name and current address, (ii)
25
a statement that he or she purchased a MGM Gift Card and were assessed an inactivity fee that
26
was deducted from the balance of funds remaining on the Gift Card, (iii) the specific grounds for
27

[Proposed] ORDER GRANTING PL.'S MOT. FOR          4
PRELIMINARY APPROVAL
Case No. 2:16-cv-01661 RAJ

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  the objection, (iv) all documents or writings that the Settlement Class Member desires the Court

2  to consider, (v) the name and contact information of any and all attorneys representing, advising,

3  or in any way assisting the objector in connection with the preparation or submission of the

4  objection or who may profit from the pursuit of the objection; and (vi) a statement indicating

5  whether the objector intends to appear at the Final Approval Hearing (either personally or

6  through counsel, who must file an appearance). All written objections must be filed and

7  postmarked, emailed, or submitted to the Settlement Website no later than the

8  Objection/Exclusion Deadline.

9         13.     Any Settlement Class Member who fails to timely file a written objection with the

10  Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with

11  the terms of this Order and as detailed in the Notice, and at the same time provide copies to

12  designated counsel for the Parties, shall not be permitted to object to the Settlement Agreement

13  at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement

14  Agreement by appeal or other means and shall be deemed to have waived his or her objections

15  and be forever barred from making any such objections in this Litigation or any other action or

16  proceeding.

17         14.     If the Settlement is finally approved, all Settlement Class Members who have not

18  filed a timely and proper request for exclusion shall release the Released Parties from all

19  Released Claims, as described in Section 3 of the Settlement Agreement.

20         15.     This Order shall become null and void, and shall be without prejudice to the rights

21  of the Parties, all of whom shall be restored to their respective positions in the Litigation as of

22  the date of the signing the Settlement Agreement, if (i) the proposed Settlement is not finally

23  approved by the Court, or does not become effective in accordance with the Settlement

24  Agreement's Effective Date (as defined in the Settlement Agreement), pursuant to the terms of

25  the Settlement Agreement; or (ii) the Settlement Agreement is terminated pursuant to the terms

26  of the Settlement Agreement for any reason. In such event, the certification of the Settlement

27  Class and any Final Judgment or other order entered by the Court in the Litigation in accordance

[Proposed] ORDER GRANTING PL.'S MOT. FOR
PRELIMINARY APPROVAL
Case No. 2:16-cv-01661 RAJ

5

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    with the terms of the Settlement Agreement shall be deemed vacated, *nunc pro tunc* and without

2    prejudice to Defendants' right to contest class certification, and the Parties shall be returned to

3    the *status quo ante* with respect to the Litigation as if the Settlement Agreement had never been

4    entered into.

5        16.    This Order shall be of no force and effect if the Settlement does not become final

6    and shall not be construed or used as an admission, concession, or declaration by or against

7    Defendants of any fault, wrongdoing, breach, or liability, or by or against Plaintiff or the

8    Settlement Class Members that their claims lack merit or that the relief requested in the class

9    complaint in this Litigation is inappropriate, improper, or unavailable, or as a waiver by any

10   party of any defenses they may have.

11       17.    The Court authorizes the Parties to take all necessary and appropriate steps to

12   implement the Settlement Agreement.

13       18.    The Court authorizes the Parties to take all necessary and appropriate steps to

14   implement the Settlement Agreement.

15   ORDERED this _____ day of _____, 2018.

16

17                                          _____

18                                          THE HON. RICHARD A. JONES
                                            UNITED STATES DISTRICT JUDGE

19

20

21   Presented by:

22   s/ Kevin A. Bay
     One of Plaintiff's attorneys

23

24   Kim D. Stephens (WSBA No. 11984)
     kstephens@tousley.com

25   Kevin A. Bay (WSBA No. 19821)
     kbay@tousley.com

26   TOUSLEY BRAIN STEPHENS PLLC
     1700 Seventh Avenue, Suite 2200

27

[Proposed] ORDER GRANTING PL.'S MOT. FOR
PRELIMINARY APPROVAL                              6
Case No. 2:16-cv-01661 RAJ

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  Seattle, WA 98101
   Tel.: 206.682.5600
2  Fax: 206.682.2992

3  Rafey S. Balabanian*
   rbalabanian@edelson.com
4  Eve-Lynn Rapp (*admitted pro hac vice*)
   erapp@edelson.com
5  EDELSON PC
   123 Townsend Street, Suite 100
6  San Francisco, California 94107
7  Tel.: 415.212.9300
   Fax: 415.373.9435
8
9  Alexander Darr*
   darr@darrlawoffices.com
10 DARR LAW OFFICES
   11650 Olio Road, Suite 1000-224
11 Fishers, Indiana 46037
   Tel.: 312.857.3277
12 Fax: 855.225.3277

13 *Pro hac vice admission to be sought.

14
   Attorneys for Plaintiff David Hanson and the Putative Class
15

16

17

18

19

20

21

22

23

24

25

26

27

[Proposed] ORDER GRANTING PL.'S MOT. FOR          7
PRELIMINARY APPROVAL
Case No. 2:16-cv-01661 RAJ

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992