THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

DAVID HANSON, individually and on behalf of the settlement class,

Plaintiff,

v.

MGM RESORTS INTERNATIONAL, a Delaware corporation, and COSTCO WHOLESALE CORPORATION, a Delaware corporation,

Defendants.

Case No. 2:16-cv-01661 RAJ

**PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARD**

NOTE ON MOTION CALENDAR: [November 9, 2018]

ORAL ARGUMENT REQUESTED

## TABLE OF CONTENTS

I.      INTRODUCTION..............................................................................................1

II.     FACTUAL BACKGROUND ...........................................................................3

        A.      The Underlying Claims...............................................................................3

        B.      The Litigation History and Work Performed for the Settlement Class's
                Benefit.........................................................................................................4

        C.      The Substantial Relief Secured for the Settlement Class ..........................5

III.    THE REQUESTED ATTORNEYS' FEES, EXPENSES, AND INCENTIVE
        AWARD ARE REASONABLE AND SHOULD BE APRPOVED ...................5

        A.      The Fee Is Reasonable Under the Percentage-of-the-Fund Method ................7

                1.      Class Counsel Achieved Excellent Relief for the Class ...........................7

                2.      There Were Significant Risks Involved in the Litigation ........................9

                3.      Class Counsel Skillfully Prosecuted This Action ...................................11

                4.      The Contingent Nature of the Fee Supports Its Approval .....................11

                5.      Class Counsel's Fee Request Is Consistent with Awards in Similar
                        Cases ........................................................................................................12

        B.      The Requested Fee Is Equally Reasonable Under the Lodestar Method .......13

                1.      Class Counsel's Hourly Billing Rates and Time Spent Are
                        Reasonable ..............................................................................................14

                2.      Class Counsel's Fee Request Results in a Negative Lodestar
                        Multiplier .................................................................................................15

IV.     THE COURT SHOULD APPROVE REIMBURSEMENT OF EXPENSES ...........17

V.      THE COURT SHOULD APPROVE THE REQUESTED INCENTIVE
        AWARD .........................................................................................................18

VI.     CONCLUSION ...............................................................................................19

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

i

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206 682.2992

## **TABLE OF AUTHORITIES**

**United States Supreme Court Cases**

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983).........................................................................................8, 16

**United States Courts of Appeals Cases**

*Bell v. Clackamas Cty.*,
    341 F.3d 858 (9th Cir. 2003) ..........................................................................14

*Fischel v. Equitable Life Assurance Soc'y of U.S.*,
    307 F.3d 997 (9th Cir. 2002) ..........................................................................17

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ........................................................................17

*Ikuseghan v. Multicare Health Sys.*,
    No. C14-5539, 2016 WL 4363198 (W.D. Wash. Aug. 16, 2016) ....................18

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) .................................................................. *passim*

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000), *as amended* (June 19, 2000) .............................13

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015) .................................................................. *passim*

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) ..........................................................................12

*Kerr v. Screen Extras Guild, Inc.*,
    526 F.2d 67 (9th Cir. 1975) ............................................................................16

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ..........................................................................18

*Shelby v. Two Jinns, Inc.*,
    No. CV 15–03794–AB, 2017 WL 6347090 (C.D. Cal. Aug. 2, 2017)..............13

*Six (6) Mexican Workers v. Ariz. Citrus Growers*,
    904 F.2d 1301 (9th Cir. 1990) ..........................................................................7

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-1661 RAJ

ii

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206 682.2992

*Staton v. Boeing Co.*,
 327 F.3d 938 (9th Cir. 2003) ...........................................................6, 13, 18, 19

*Thieriot v. Celtic Ins. Co.*,
 No. 10-cv-04462, 2011 WL 1522385 (N.D. Cal. Apr. 21, 2011)......................13

*Torrisi v. Tucson Elec. Power Co.*,
 8 F.3d 1370 (9th Cir. 1993) ..............................................................................2

*Vizcaino v. Microsoft Corp.*,
 290 F.3d 1043 (9th Cir. 2002) .................................................................. *passim*

*Williams v. MGM-Pathe Commc'ns Co.*,
 129 F.3d 1026 (9th Cir. 1997) .............................................................................7

*Zepeda v. PayPal, Inc.*,
 No. 17-15780, 2017 WL 3138104 (9th Cir. July 11, 2017).................................6

**United States District Court Cases**

*Cen Com, Inc. v. Numerex Corp.*,
 No. C17-0560, 2018 WL 2088187 (W.D. Wash. May 4, 2018)........................14

*Cody v. SoulCycle Inc.*,
 No. CV 15-6457-MWF, 2017 WL 6550682 (C.D. Cal. Oct. 3, 2017) ...............8, 9, 19

*Cox v. Clarus Mktg. Grp., LLC*,
 291 F.R.D. 473 (S.D. Cal. 2013) ..................................................................8, 19

*De La Torre v. CashCall, Inc.*,
 No. 08-CV-03174-MEJ, 2017 WL 5524718 (N.D. Cal. Nov. 17, 2017) .......................6, 8

*Farrell v. OpenTable, Inc.*,
 No. C 11-1785 SI, 2012 WL 1379661 (N.D. Cal. Jan. 30, 2012).......................8

*Friedman v. 24 Hour Fitness USA, Inc.*,
 No. 06-cv-06282, 2009 WL 2711956 (C.D. Cal. Aug. 25, 2009) .......................9

*Goldiner v. Datex-Ohmeda Cash Balance Plan*,
 No. 07-cv-02081, 2011 WL 13190205, (W.D. Wash. May 10, 2011) ..........................2, 15

*Grays Harbor Adventist Christian Sch. v. Carrier Corp.*,
 No. 3:05-cv-05437-RBL, (W.D. Wash. 2008)...............................................15

*Hopkins v. Stryker Sales Corp.*,
 No. 11-CV-02786, 2013 WL 496358 (N.D. Cal. Feb. 6, 2013) .......................12

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

iii

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206 682.2992

*In re Infospace, Inc.*,
    330 F. Supp. 2d 1203 (W.D. Wash. 2004)..........................................................17

*In re Nw. Biotherapeutics Inc. Sec. Litig.*,
    No. C07-1254-RAJ, 2009 WL 10677091 (W.D. Wash. July 10, 2009)..........................17

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d. 1036 (N.D. Cal Jan. 9, 2008)..................................................11

*In re Portal Software, Inc. Sec. Litig.*,
    No. C-03-5138 VRW, 2007 WL 4171201 (N.D. Cal. Nov. 26, 2007)..........................16

*In re Skilled Healthcare Group, Inc. Sec. Litig.*,
    No. CV 09-5416, 2011 WL 280991 (C.D. Cal. Jan. 26, 2011)..........................17

*In re WSB Fin. Grp. Sec. Litig.*,
    No. C07-1747 RAJ, 2009 WL 10677102 (W.D. Wash. Mar. 27, 2009)...................17, 18

*Lehman v. Nelson*,
    No. C13-1835RSM, 2018 WL 3727600 (W.D. Wash. Aug. 6, 2018)...........................15

*Pelletz v. Weyerhaeuser Co.*,
    592 F. Supp. 2d 1322 (W.D. Wash. 2009)..........................................................15

*R.H. v. Premera Blue Cross*,
    No. 13-cv-00097, Dkt. 90 (W.D. Wash. Jan. 21, 2015) ........................................2

*Rinky Dink, Inc. v. World Bus. Lenders, LLC*,
    No. C14-0268-JCC, 2016 WL 3087073 (W.D. Wash. May 31, 2016).....................16, 17

*Smith v. Legal Helpers Debt Resolution, LLC*,
    No. 3:11-CV-05054, 2013 WL 12090360 (W.D. Wash. Dec. 12, 2013).......................11

*Snell v. N. Thurston Sch. Dist.*,
    No. C13-5488, 2014 WL 2154488 (W.D. Wash. May 22, 2014).....................................14

*Thomas v. Cannon*,
    No. 3:15-05346, 2018 WL 1517661 (W.D. Wash. Mar. 28, 2018)................................15

*Todd v. STAAR Surgical Co.*,
    No. CV 14-5263 MWF, 2017 WL 4877417 (C.D. Cal. Oct. 24, 2017) ..........................11

*Voeks v. Pilot Travel Ctrs.*,
    560 F. Supp.2d 718 (E.D. Wis. 2008)..............................................................9

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-1661 RAJ

iv

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206 682.2992

*Waldbuesser v. Northrop Grumman Corp.*,
    No. CV 06-6213, 2017 WL 9614818 (C.D. Cal. Oct. 24, 2017) ......................................11

*WhoToo, Inc. v. Dun & Bradstreet, Inc.*,
    No. C15-1629-RAJ, 2017 WL 3485735 (W.D. Wash. Aug. 15, 2017)............................15

*Young v. Polo Retail, LLC*,
    No. C 02 4546, 2007 WL 951821 (N.D. Cal. Mar. 28, 2007) ...................................14, 17

*Zepeda v. PayPal, Inc.*,
    No. C 10-1668 SBA, 2017 WL 1113293 (N.D. Cal. Mar. 24, 2017) ...........................6, 13

**Statutory Provisions**

12 C.F.R. § 205.20 ..........................................................................................................................4

15 U.S.C. § 1693, *et seq.* ........................................................................................... *passim*

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

v

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206 682.2992

## I.     INTRODUCTION

Plaintiff David Hanson ("Hanson" or "Plaintiff") brought this lawsuit in response to Defendants MGM Resorts International's ("MGM") and Costco Wholesale Corporation's ("Costco," and collectively, "Defendants") practice of charging him and the members of the Settlement Class monthly inactivity fees on their MGM Gift Cards much earlier than promised in violation of the Electronic Fund Transfers Act (the "EFTA"), 15 U.S.C. § 1693, *et seq.*, and other state laws.

After nearly two years of hard-fought litigation—including significant motion practice, extensive settlement discussions, and multiple rounds of arms'-length negotiations—Hanson and his counsel have secured a Settlement that provides cash payments to the Settlement Class, on top of the full refunds class members have already received as a result of Hanson's and his counsel's pursuit of this action.[1] The Settlement, and the work leading up to it, forms the basis for this request for an award of reasonable attorneys' fees, reimbursement of expenses to Hanson's counsel, and an incentive award to Hanson as class representative.

The Settlement Class here stands to recover nearly everything they could have hoped for through this lawsuit. As detailed in Hanson's preliminary approval papers, Plaintiff and his counsel's pursuit of this action resulted in Defendants *fully refunding* every unlawful inactivity fee charged, thus compensating each member of the Settlement Class for any monetary losses caused. In addition to this already significant relief, Defendants have agreed to create an additional non-reversionary $150,000 common fund, from which each of the approximately 22,500 class members who submit valid claims will be paid a *pro rata* share, after payment of settlement administration costs, attorneys' fees, and an incentive award to the class representative. Based on a claims rate of approximately 18%, approved claimants will receive

---

[1]     A copy of the Stipulation and Settlement Agreement ("Settlement") is attached hereto as Exhibit 1. Unless otherwise noted, all capitalized words are defined consistently with their meaning in the Settlement Agreement.

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

approximately $11.50.[2] Given that each member of the Settlement Class has already received full reimbursement for any inactivity fees charged (regardless of whether they filed a claim) and that any available statutory damages under EFTA are wholly discretionary and limited, the Settlement represents a nearly complete recovery for the Settlement Class, making it a truly exceptional result.

With the relief secured for the Settlement Class and the considerable effort that led to it as a backdrop, Hanson now respectfully moves the Court to approve a benchmark attorneys' fee award of 25% of the Settlement Fund, which amounts to $37,500, reasonable expenses in the amount of $1,666.53, and an incentive award of $5,000 to Hanson for his services on behalf of the Settlement Class.[3] The reasonableness of this request is confirmed by a lodestar crosscheck: Plaintiff's counsel spent nearly two years of time and effort on this case, totaling $126,860.98 in appropriate hourly billings, which results in a *negative* lodestar multiplier of 3.38. In other words, the requested fee award represents only 29.5% of Class Counsel's base lodestar, which significantly discounts counsel's hourly rates and increases the funds available to Settlement Class Members.

The requested incentive award to Hanson himself is likewise appropriate for approval. Hanson committed substantial time and effort of his own to this litigation, including aiding in Class Counsel's initial investigations, reviewing documents, and engaging with his counsel

---

[2]   As the claims deadline and deadline for Plaintiff to move for final approval both fall on October 29, 2018, Hanson will submit the approximate total number of claims in his brief in support of final approval. At this time, the claims administrator has received 4705 claims, but believes that approximately 15% of those will be eliminated for fraud.

[3]   Although the Settlement Agreement permits Class Counsel to request a fee in the amount of up to 33.3% of the Settlement Fund (Settlement § 8.1), and the notice documents informed Settlement Class Members that Class Counsel may do so, Class Counsel has voluntarily reduced the amount they are seeking to 25%—the standard base percentage for awards of attorneys' fees based on the percentage-of-the-fund model in the Ninth Circuit, *see Torrisi v. Tucson Elec. Power Co*., 8 F.3d 1370, 1376 (9th Cir. 1993)—as the Court suggested that amount was more reasonable in its preliminary approval order. (*See* Dkt. 37 at 10–11.) *But see Goldiner v. Datex-Ohmeda Cash Balance Plan*, No. 07-cv-02081, 2011 WL 13190205, at *1 (W.D. Wash. May 10, 2011) (Jones, J.) (finding class counsel's request for one third of the settlement fund reasonable and granting final approval); *R.H. v. Premera Blue Cross*, No. 13-cv-00097, Dkt. 90, at *3 (W.D. Wash. Jan. 21, 2015) (Jones, J.) (awarding class counsel a fee of 35% of the common cash fund).

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206 682.2992

1  regarding the Settlement currently before the Court, and pursued the case for almost two years

2  without any guarantee (nor expectation) of receiving anything beyond the same relief secured for

3  his fellow class members. A $5,000 incentive award both appropriately recognizes his efforts

4  and the results achieved, and is well within the range of incentive awards approved in similar

5  EFTA class actions.

6  Accordingly, Hanson respectfully requests that the Court approve the requested award of

7  attorneys' fees, reimbursement of expenses, and incentive award.

8  **II.  FACTUAL BACKGROUND**

9  A brief summary of the underlying facts and law demonstrates the reasonableness of the

10  requested fees, costs, and incentive award.

11  **A.  The Underlying Claims**

12  Plaintiff Hanson's class action complaint stems from MGM's allegedly wrongful practice

13  of charging customers monthly inactivity fees on their MGM Gift Cards well before such fees

14  could be properly accessed. (Dkt. 1, ¶¶ 1–9.) Defendant MGM is a hospitality and entertainment

15  company that sells gift cards to consumers, which can be redeemed at its various MGM venues

16  (*id.* ¶¶ 22–24), while Defendant Costco is a brick-and-mortar retail chain where the Gift Cards

17  were sold. (*Id.* ¶¶ 24, 25.)

18  The conduct at issue in Plaintiff's suit is alleged to occur as follows: In its stores,

19  Defendant Costco displayed signs advertising MGM Gift Cards for the cost of $79.99, but with

20  $100.00 of value. (*See id.* ¶ 27 Fig. 1.) The signs stated that an "[i]nactivity fee will apply," and

21  the cards themselves contained further information. (*Id.* ¶¶ 28, 31 Fig. 2, 32 Fig. 3.) Specifically,

22  the front of each card indicated that "[a] monthly Inactivity Fee will be assessed 18 months from

23  [a specified date] on cards showing no activity," while the reverse side of the card indicated that

24  "[a] monthly maintenance fee of $2.50 will be deducted from your card balance after 18 months

25  of no activity from [the] date printed on the front of the card." (*Id.*) Contrary to the terms printed

26  on both sides of the cards, however, MGM began charging a $2.50 monthly inactivity fee only

27  twelve months from the date of purchase. (*Id.* ¶ 33.)

Pl.'s Mot. for Attys' Fees
and Incentive Award
Case No. 2:16-cv-01661 RAJ

3

**Tousley Brain Stephens PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

In March of 2015, Plaintiff purchased 140 MGM Gift Cards at a Costco in Seattle. (*Id.* ¶¶ 10, 36.) Like all the Gift Cards at issue, the front of each card indicated that a monthly inactivity fee would be assessed "18 months from March 2015 on cards showing no activity" (*id.* ¶¶ 38, 31 Fig. 2), while the reverse side of the card declared that a $2.50 monthly maintenance fee would be deducted from the card balance "after 18 months of no activity from [the] date printed on the front of the card." (*Id.* ¶¶ 38, 32 Fig. 3.) However, contrary to the terms printed on the front and back of the cards, Plaintiff claims he was assessed a monthly $2.50 fee beginning only twelve months after his purchase. (*Id.* ¶ 40.)

### B.   The Litigation History and Work Performed for the Settlement Class's Benefit

As a result of Defendants' alleged misconduct, Plaintiff, through counsel, filed a nationwide class-action complaint against Defendants in the Western District of Washington claiming they violated the EFTA—which requires the full disclosure of gift card inactivity fees to be made on gift cards and mandates that such terms cannot be modified or changed after a gift card is sold, *see* 15 U.S.C. § 1693l-1; 12 C.F.R. § 205.20—and other state laws. (*See* Dkt. 1.)

Less than a month later—and no doubt as a result of the litigation—Defendants attempted to right their alleged wrong by fully refunding every Gift Card that had an inactivity fee prematurely assessed. (Dkt. 16 at p. 2 n.4.) Around that same time, the parties attempted to discuss the potential for early resolution, but given their views as to the strengths of their respective arguments, no agreement was reached. (*See* Declaration of Eve-Lynn J. Rapp (the "Rapp Decl.") attached as Exhibit A, at ¶ 4.) Unable to resolve their differences, Defendants moved to dismiss Plaintiff's complaint as well as to strike the class allegations. (Dkts. 16, 22, 23.)[4] Plaintiff's counsel vigorously opposed the motion, arguing, *inter alia*, that Plaintiff and the class suffered actual damages despite MGM's post-lawsuit refunds, and that striking any class allegations would be improper and premature. (Dkt. 22.) After full briefing, the Court granted

---

[4]      Defendants did not move to dismiss Plaintiff's EFTA claim. (Dkt. 16.)

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

4

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206 682.2992

Defendants' motion as to one of Plaintiff's state law claims, but otherwise denied Defendants' motion in its entirety. (Dkt. 28.)

Following the ruling on Defendants' motion to dismiss, the parties revisited the idea of resolution. (Rapp Decl. ¶ 5.) In doing so, the parties engaged in significant informal discovery related to, among other things, the scope of Defendants' gift card sales, the size of the putative class, the amount of monetary harm caused by the allegedly unlawful inactivity fees, and the refunds exercised by Defendants to date. (*Id.*) Thereafter—and only following months of various communications and arm's-length negotiations, as well as careful consideration and analysis by counsel—the parties reached the Settlement Agreement now before the Court. (*Id.* ¶ 6.) Plaintiff then promptly filed a motion for preliminary approval of the proposed class action settlement on February 9, 2018, which the Court granted on July 31, 2018. (Dkts. 34, 37.)

### C.    The Substantial Relief Secured for the Settlement Class

All told, the multi-year effort described above resulted in a nearly complete victory for the Settlement Class. As explained above, less than a month after this lawsuit was filed, MGM fully refunded class members for all inactivity fees wrongfully charged on their MGM Gift Cards, providing immediate and automatic relief for all affected customers. Additionally, Class Counsel's efforts secured a $150,000 non-reversionary Settlement Fund from which every claiming class member will receive a *pro rata* distribution of the fund (less settlement administration costs, attorneys' fees and expenses, and an incentive award), in addition to their refunds. (Settlement §§ 1.28, 2.1.) Based on the anticipated claims rate, Class Counsel estimates that each Settlement Class Member who submits a valid Claim Form will receive approximately $11.50. (Rapp Decl. ¶ 7.)

## III.    THE REQUESTED ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARD ARE REASONABLE AND SHOULD BE APRPOVED

When, as here, a settlement creates a common fund that benefits the entire class, courts have discretion to use either the percentage-of-recovery method or the lodestar method to determine a reasonable attorneys' fee award. *In re Bluetooth Headset Prods. Liab. Litig.*, 654

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

5

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

F.3d 935, 942 (9th Cir. 2011); *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015). This remains true when awarding fees pursuant to a settlement under EFTA (a fee shifting statute), as numerous courts in this Circuit have articulated. *See De La Torre v. CashCall, Inc.*, No. 08-CV-03174-MEJ, 2017 WL 5524718, at *10 (N.D. Cal. Nov. 17, 2017) (in EFTA case, stating "[c]ourts have discretion to choose which calculation method they use") (internal quotation marks omitted); *Zepeda v. PayPal, Inc.*, No. C 10-1668 SBA, 2017 WL 1113293, at *20 (N.D. Cal. Mar. 24, 2017), *appeal dismissed*, No. 17-15780, 2017 WL 3138104 (9th Cir. July 11, 2017) (discussing the court's discretion to apply the percentage-of-the-fund distribution model to EFTA common fund). Indeed, "there is no preclusion on recovery of common fund fees where a fee-shifting statute applies," *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003), and courts in this Circuit have readily employed the percentage-of-the-fund method when calculating attorneys' fees in EFTA cases such as this. *See, e.g., Zepeda*, 2017 WL 1113293, at *20 (using the percentage-of-the-fund model as the primary method of calculation).

"Under the percentage-of-recovery method, the attorneys' fees equal some percentage of the common settlement fund; in [the Ninth C]ircuit, the benchmark percentage is 25%." *In re Online DVD-Rental*, 779 F.3d at 949 (citing *In re Bluetooth*, 654 F.3d at 942). Conversely, the "lodestar method requires 'multiplying the number of hours [Plaintiff's counsel] . . . reasonably expended on the litigation . . . by a reasonable hourly rate for the region and for the experience of the lawyer.'" *Id.* (quoting *In re Bluetooth*, 654 F.3d at 941). Regardless of which method is selected, the most common, but not exclusive, way "that a court may demonstrate that . . . the amount awarded is reasonable is by conducting a cross-check using the other method." *Id.*; *see also In re Bluetooth*, 654 F.3d at 945 (noting that regardless of the primary method used to determine the amount of fees, the reasonableness of that award should be "cross-checked" against the other method).

Here, the requested benchmark attorneys' fees of 25% of the Settlement Fund is reasonable, which is further confirmed through application of the lodestar method, either as a crosscheck or as the primary method of calculation.

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

6

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

**A.      The Fee Is Reasonable Under the Percentage-of-the-Fund Method**

"[T]he benefit to the class is easily quantified in common-fund settlements, [therefore, courts may] . . . award attorneys as a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar." *In re Bluetooth*, 654 F.3d at 942. Typically courts use 25% as the "benchmark" for a reasonable fee award when utilizing this calculation method, and can justify a departure by providing adequate explanation in the record of any "special circumstances." *Id.* (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). As this method's name suggests, the percentage is measured against the total amount of the common fund established by the settlement. *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997).

As the Ninth Circuit has confirmed, the non-exhaustive list of factors set forth in *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047–50 (9th Cir. 2002), guides the assessment of a request for attorneys' fees calculated using the percentage-of-fund method: "the extent to which class counsel achieved exceptional results for the class, whether the case was risky for class counsel, whether counsel's performance generated benefits beyond the cash settlement fund, the market rate for the particular field of law [], . . . the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled on a contingency basis." *In re Online DVD-Rental*, 779 F.3d at 954–55 (internal quotation marks omitted). Applying these factors, it is evident that the requested $37,500, constituting 25% of the Settlement Fund, is reasonable and should be approved.[5]

*1.      Class Counsel Achieved Excellent Relief for the Class*

The benefit obtained for the Settlement Class is foremost among the factors in determining a reasonable fee, which, given the refunds and cash settlement fund available to

---

[5]      This is especially true here, given the Court's suggestion that 25% of the fund—rather than the 33.3% Class Counsel is permitted to seek under the terms of the Settlement Agreement—is the more reasonable request in this case. (*See* Dkt. 37 at 10–11, questioning whether "an upward departure [from the 25% benchmark] to one-third of the common fund is warranted.").

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

7

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1   Settlement Class Members here, weighs in favor of a finding of reasonableness. *In re Bluetooth*,

2   654 F.3d at 942 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434–36 (1983)). Here, as a result of

3   Class Counsel's pursuit of this action, MGM has fully compensated each member of the

4   Settlement Class for any wrongfully charged inactivity fees, without Class Members needing to

5   take any action. Beyond that, the Settlement negotiated by Class Counsel provides real and

6   immediate additional monetary relief to the Settlement Class in the form of direct cash

7   payments—estimated to be $11.50 per Settlement Class Member—from the $150,000 Settlement

8   Fund. (Rapp Decl. ¶ 7.) These additional payments are noteworthy in light of EFTA's strict

9   limitations on statutory damages—likely the only source of monetary relief available to the class

10   given MGM's inactivity fee refunds—which are wholly discretionary (based on factors such as

11   the nature of noncompliance and the extent to which the noncompliance was intentional), do not

12   require any minimum statutory award, and are capped at a total of $500,000 in class cases. *See*

13   15 U.S.C. § 1693m. Given these factors and MGM's prompt reimbursement, the secured cash

14   Settlement Fund—which represents almost one-third of the maximum statutory damages allowed

15   under EFTA—is an excellent result for the Settlement Class.

16        Moreover, a review of other EFTA settlements demonstrates that the relief secured here

17   is in the range of typical settlements. *See Farrell v. OpenTable, Inc.*, No. C 11-1785 SI, 2012

18   WL 1379661, at *1 (N.D. Cal. Jan. 30, 2012) (approving EFTA settlement that gave class

19   members the option to extend their gift certificate expiration dates or request a refund, but did

20   not afford any separate monetary relief); *Cody v. SoulCycle Inc.*, No. CV 15-6457-MWF, 2017

21   WL 6550682, at *4 (C.D. Cal. Oct. 3, 2017) (approving EFTA gift card settlement providing

22   class members the option of two reinstated classes or a $25 payment); *De La Torre*, 2017 WL

23   5524718, at *8 (finally approving EFTA settlement in which the average payment was $14.84);

24   *Cox v. Clarus Mktg. Grp., LLC*, 291 F.R.D. 473, 477–78 (S.D. Cal. 2013) (approving EFTA

25   settlement where only certain subclass members received monetary relief in the form of a $15

26   credit and reimbursement for fees paid, less any partial refunds, up to a maximum of $36).

27        Taken together, the substantial relief Class Counsel was able to achieve through their

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

8

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  pursuit of the litigation and the Settlement supports this fee request.

2  ## 2.  *There Were Significant Risks Involved in the Litigation*

3  The second factor commonly considered is the possibility that continued litigation may

4  result in a lesser or no benefit to the class, particularly where the case involves complicated legal

5  and factual issues. *See Vizcaino*, 290 F.3d at 1048 (discussing the riskiness of the litigation as a

6  key factor in determining counsel's fee award). As the Court acknowledged in its preliminary

7  approval order (Dkt. 37 at 8–9), a favorable outcome was far from guaranteed in this case.

8  First, there was an imminent risk that Plaintiff would be unable to maintain the case as a

9  class action should obtaining certification be of the adversarial nature. Specifically, because

10  EFTA's actual damages provision provides for "any actual damage sustained by [the] consumer

11  *as a result*" of noncompliance with the EFTA, 15 U.S.C. § 1693m(a)(1) (emphasis added),

12  Defendants would likely argue that each class member must individually prove detrimental

13  reliance on the inactivity fee disclosures to recover actual damages, and as a result, Plaintiff's

14  ability to demonstrate commonality, typicality and predominance, would be undermined.

15  *See Voeks v. Pilot Travel Ctrs.*, 560 F. Supp.2d 718, 725 (E.D. Wis. 2008) ("To show actual

16  damages under § 1693m(a)(1) a plaintiff must plead and prove detrimental reliance"). And,

17  while Plaintiff is confident that this argument is wrong and would not withstand the Court's

18  scrutiny, *see Friedman v. 24 Hour Fitness USA, Inc.*, No. 06-cv-06282, 2009 WL 2711956, at

19  *10–11 (C.D. Cal. Aug. 25, 2009) (finding that plaintiffs need not show individual proof of

20  reliance to recover EFTA's actual damages and certifying the class), the Court's ultimate ruling

21  was by no means certain.

22  Second, the fact that this case involved litigating claims with little legal precedent—

23  particularly as it relates to gift card inactivity fees under the EFTA—also amplified the risk

24  Plaintiff and Class Members faced. *See Cody*, 2017 WL 6550682, at *3 (stating that the "dearth

25  of legal precedent related to the EFTA . . . makes the outcome of [plaintiff's] action less

26  certain"). For example, it is unclear whether Plaintiff would be able to prove that Defendants

27  violated EFTA's disclosure requirements, as MGM technically disclosed on its gift cards (i) that

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

9

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206 682.2992

an inactivity fee may be charged, (ii) the amount of such fee ($2.50), (iii) how often the fee would be assessed (monthly), and (iv) that such fee may be assessed for inactivity. (*See* Dkt. 1, ¶¶ 31 Fig. 2, 32 Fig. 3); 15 U.S.C. § 1693l-1(b)(3). Thus, in order to prevail, Plaintiff would need to convince the Court that because the cards stated that inactivity fees would apply after 18 months of nonuse, yet were assessed after only 12 months, Defendants did not properly disclose *how often* inactivity fees would be assessed. While Plaintiff is confident in his position, he recognizes the risks in establishing Defendants' EFTA liability, especially in light of the scant case law.

Third, even if Plaintiff were able to establish Defendants' liability, he may be unable to prove any actual damages, and therefore, would have been left to pursue only discretionary statutory damages under EFTA. That is, Defendants would likely argue—as they did, albeit prematurely, in their motion to dismiss (*see* Dkts. 16, 28)—that because MGM refunded every Gift Card that was charged an inactivity fee, Plaintiff cannot establish any actual damages as a result of the alleged conduct at issue. Although Plaintiff contested this argument on several bases (*see* Dkt. 22 at p. 9–13), he nonetheless recognizes the risks this argument presents—namely, that the Court could have determined that the class could recover nothing beyond their refunds.

Finally, even if Hanson won on the merits at trial, years of appeals would likely have awaited, further delaying the class's relief or barring it altogether. (Rapp Decl. ¶ 8.)

Hanson, through counsel, initiated this action aware of many of MGM's and Costco's defenses and these risks, and nonetheless aggressively prosecuted the Settlement Class's claims in the face of substantial opposition by experienced defense counsel. Hanson's counsel invested more than 300 hours of attorney time and thousands of dollars in out-of-pocket expenses. (Rapp Decl. ¶¶ 10, 16–17; Declaration of Kevin Bay ("Bay Decl."), attached as Exhibit B, at ¶¶ 5-6.) After balancing the Settlement's benefits to the class against the legal, factual and procedural obstacles ahead, it is clear that there was significant risk that Plaintiff and the Settlement Class (and with them, Hanson's counsel) may have recovered substantially less, if anything at all. This further supports the reasonableness of the requested fee award.

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

10

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

### 3.     Class Counsel Skillfully Prosecuted This Action

Next, the Court should take into account the quality of the work performed by class counsel in securing a proposed settlement. *Smith v. Legal Helpers Debt Resolution, LLC*, No. 3:11-CV-05054, 2013 WL 12090360, at *2 (W.D. Wash. Dec. 12, 2013) (Byran, J.) (considering "[c]lass [c]ounsel's substantial experience in complex litigation and skill utilized to achieve the [s]ettlement"). As in this case, the litigation of a complex, multiparty, nationwide class action "requires unique legal skills and abilities." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d. 1036, 1047 (N.D. Cal Jan. 9, 2008) (internal citation omitted). And "[the] single clearest factor reflecting the quality of class counsels' services to the class are the results obtained." *Waldbuesser v. Northrop Grumman Corp.*, No. CV 06-6213, 2017 WL 9614818, at *4 (C.D. Cal. Oct. 24, 2017) (internal citation omitted). The quality of opposing counsel is also important in evaluating the quality of the work done by Class Counsel. *Todd v. STAAR Surgical Co.*, No. CV 14-5263 MWF, 2017 WL 4877417, at *5 (C.D. Cal. Oct. 24, 2017) (considering that class counsel litigated "against experienced, highly skilled opposing counsel").

Here, as discussed above, Hanson's counsel skillfully litigated this case against Defendants represented by experienced class-action defense counsel—acclaimed attorneys of an internationally renowned law firm—who were extremely well versed in the issues at hand. Despite that, and facing a formidable set of defenses, Class Counsel were still able to reach a favorable resolution for the Settlement Class—though, given defense counsel's strong advocacy for their clients, resolution took weeks of arms'-length negotiations before the parties eventually reached agreement on a settlement. This consideration also supports awarding the requested attorneys' fees.

### 4.     The Contingent Nature of the Fee Supports Its Approval

When calculating fees using the percentage-of-the-fund method, courts may also consider the contingent nature of the fees and the financial burden undertaken to obtain the settlement. *In re Online DVD-Rental*, 779 F.3d at 955. "It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

11

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206 682.2992

1  normal hourly rates for winning contingency cases . . . as a legitimate way of assuring competent

2  representation for plaintiffs who could not afford to pay on an hourly basis regardless whether

3  they win or lose." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir.

4  1994) ("*WPPSS*"). This is especially true when, as here, "[all of the financial risk of litigation

5  was [] assumed by [c]lass [c]ounsel, whose fee arrangement with Plaintiff[] required

6  [c]lass [c]ounsel to bear all of the costs of litigation and the costs of attorney and paralegal time,

7  which was substantial." *Hopkins v. Stryker Sales Corp.*, No. 11-CV-02786, 2013 WL 496358, at

8  *3 (N.D. Cal. Feb. 6, 2013). Taking such contingency work both risks earning nothing, while at

9  the same time requires class counsel to decline opportunities for other, more stable work.

10  *Vizcaino*, 290 F.3d at 1050.

11      In this case, Class Counsel agreed to undertake Hanson's case on a contingent fee basis

12  (as the amount of individual recovery at issue would never justify retention on an hourly basis),

13  and they knew from the outset that they would be required to spend hundreds of hours

14  investigating and litigating Hanson's claims with absolutely no guarantee of success, while

15  simultaneously foregoing other opportunities. (Rapp Decl. ¶ 9.) Class Counsel have a proven

16  record of effectively and successfully prosecuting complex nationwide class actions, and they

17  used that experience in prosecuting this case. (*See* Rapp Decl., Ex. 1) Plaintiff's counsel have

18  logged more than 300 hours representing Hanson and the Settlement Class without

19  compensation, which does not take into account the work that must still be performed before the

20  final fairness hearing, communicating with members of the Settlement Class, and supervising the

21  settlement's administration (not to mention the possibility of appeals by objectors). (Rapp Decl.

22  ¶¶ 11, 16.) Further, Class Counsel have advanced $1,666.53 in litigation expenses prosecuting

23  this case with considerable risk of non-return, particularly in light of the discretionary statutory

24  damages permitted under the EFTA. (Rapp Decl. ¶¶ 10, 17.)

25          *5.*    ***Class Counsel's Fee Request Is Consistent with Awards in Similar Cases***

26      Attorneys' fee awards in EFTA class actions in this Circuit have generally ranged

27  between 25–40% of the total fund available to the class. Although the Ninth Circuit has

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

12

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1   established a benchmark fee of 25%, as explained above, it is not uncommon for courts in this

2   Circuit to award fees even higher than 25% in common fund cases. *See Vizcaino*, 290 F.3d at

3   1050 (awarding 28% of common fund); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th

4   Cir. 2000), *as amended* (June 19, 2000) (upholding award of one-third of settlement fund to class

5   counsel); *CashCall, Inc.*, 2017 WL 5524718, at *13 (awarding "approximately 40% of the total"

6   settlement fund in EFTA class action).

7        Nevertheless, the Court need not consider the unique circumstances that would warrant a

8   higher fee because Class Counsel's fee request of $37,500 aligns with the Ninth Circuit's

9   benchmark, representing 25% of the Settlement Fund. This percentage is also less than or

10  consistent with awards in similar EFTA class actions in this Circuit. *See id.*; *Shelby v. Two Jinns,*

11  *Inc.*, No. CV 15–03794, 2017 WL 6347090, at *8–10 (C.D. Cal. Aug. 2, 2017) (granting

12  counsel's request for 25% of the EFTA settlement fund); *Zepeda*, 2017 WL 1113293, at *19–23

13  (awarding 25% of the settlement fund).

14       Ultimately, the results achieved by Class Counsel, coupled with the contingent nature of

15  their fees, the high degree of risk in prosecuting Plaintiff's claims, the level of skill required, and

16  the similarity to awards in other EFTA class actions, justify the modest fee award requested here.

17       **B.    The Requested Fee Is Equally Reasonable Under the Lodestar Method.**

18       The requested $37,500 fee award is also reasonable when applying the lodestar method,

19  either as a "crosscheck" to the percentage-of-the-fund approach or as the primary method of

20  calculation. Either way, the lodestar amount is calculated by multiplying the number of hours

21  class counsel reasonably expended on the litigation by a reasonable hourly rate that takes into

22  consideration the geographic region and experience of the lawyer. *Staton*, 327 F.3d at 965. When

23  performing a lodestar cross-check, mathematical exactitude is not required and review of

24  summaries of the attorneys' hours is sufficient. *See Thieriot v. Celtic Ins. Co.*, No. 10-cv-04462,

25  2011 WL 1522385, at *6 (N.D. Cal. Apr. 21, 2011); *see also In re Online DVD-Rental*, 779 F.3d

26  at 955 (endorsing using "class counsel's lodestar summary figures"). The crosscheck is meant to

27  "provide a useful perspective on the reasonableness of a given percentage award." *Vizcaino*, 290

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

13

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

F.3d at 1050.

In substantiating a lodestar crosscheck, requesting attorneys should submit "sworn declarations from the attorney(s) in charge of billing records for the case attesting to (1) the experience and qualifications of the attorneys who worked on the case; (2) those attorneys' customary billing rates during the pendency of the case; and (3) the hours reasonably expended (reduced if necessary in the exercise of professional billing judgment) by those attorneys in prosecuting the case." *Young v. Polo Retail, LLC*, No. C 02 4546, 2007 WL 951821, at *6 (N.D. Cal. Mar. 28, 2007). As explained below, because Class Counsel's hourly rates are reasonable and their fee request yields a negative lodestar multiplier, the lodestar crosscheck confirms the reasonableness of the requested attorneys' fees.

### 1.   Class Counsel's Hourly Billing Rates and Time Spent Are Reasonable

The reasonableness of counsel's hourly rates is judged in comparison to the prevailing rates in the community—which, in this case, is the Seattle area in the Western District of Washington—for similar work performed by attorneys with similar skills and experience. *Bell v. Clackamas Cty.*, 341 F.3d 858, 868 (9th Cir. 2003); *Snell v. N. Thurston Sch. Dist.*, No. C13-5488, 2014 WL 2154488, at *2 (W.D. Wash. May 22, 2014) (Leighton, J.); *see also Cen Com, Inc. v. Numerex Corp.*, No. C17-0560, 2018 WL 2088187, at *2 (W.D. Wash. May 4, 2018) (Martinez, J.). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney are satisfactory evidence of the prevailing market rate." *Cen Com, Inc.*, 2018 WL 2088187, at *1. As Hanson's counsel makes clear below, counsels' billing rates are consistent with the usual and customary rates for similar matters in the Seattle marketplace. (Bay Decl. ¶ 4.)

As reflected in the summary chart accompanying Class Counsel's declarations and more

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

14

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  fully in their billing records, Plaintiff's counsel's adjusted-lodestar[6] to date is $126,860.98.

2  (Rapp Decl. ¶ 15; Bay Decl. ¶¶ 3-4, 7.)[7]

3        Each attorney's hourly rate correlates to their respective experience, and as noted above,

4  is reasonable in the Seattle legal market. (Bay Decl. ¶ 4); *see also Goldiner*, 2011 WL 13190205,

5  at *1 (concluding that class counsel's billing rate of $650 per hour was reasonable); *WhoToo,*

6  *Inc. v. Dun & Bradstreet, Inc.*, No. C15-1629-RAJ, 2017 WL 3485735, at *2 (W.D. Wash. Aug.

7  15, 2017) (Jones, J.) (awarding hourly rates between $490 – $555 for shareholders and between

8  $290 – $350 for associates); *Grays Harbor Adventist Christian Sch. v. Carrier Corp.*, No. 3:05-

9  cv-05437-RBL, Dkt. 247 (W.D. Wash. 2008) (granting fee request where partners billed between

10  $760 - $800 an hour); *Lehman v. Nelson*, No. C13-1835RSM, 2018 WL 3727600, at *1 (W.D.

11  Wash. Aug. 6, 2018) (Martinez, J.) (approving $665 hourly rate in Seattle); *Thomas v. Cannon*,

12  No. 3:15-05346, 2018 WL 1517661, at *2 (W.D. Wash. Mar. 28, 2018) (Rothstein, J.)

13  (concluding partner was entitled to $600 an hour, discussing that Seattle associates were entitled

14  to between $215 – $325 an hour); *Clark*, 2012 WL 3064288, at *3 (concluding that rates

15  between $515 – $600 were reasonable); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322,

16  1326 (W.D. Wash. 2009) (observing—nearly a decade ago—Plaintiffs' firm "Tousley Brain &

17  Stephens, in Seattle, billed at $475 to $760 per hour" and was a reasonable rate). Additionally,

18  the hourly rates used to calculate the lodestar figure are the same as those charged to class

19  counsels' hourly-paying clients. (Rapp Decl. ¶ 14.) The Court should therefore find class

20  counsel's hourly rates, and the time they expended on the litigation, reasonable.

21            ***2.       Class Counsel's Fee Request Results in a Negative Lodestar Multiplier***

22        Further, courts have discretion to increase the base value of counsel's services based on

23

24  _____

    [6]       Class Counsel have reviewed the hours expended by the attorneys and staff working on
25  the case and reduced any hours deemed duplicative or excessive. (Rapp Decl. ¶ 15 n.1.)
    [7]       Notwithstanding the hours already expended, Class Counsel must still prepare briefing in
26  support of final approval, ensure notice is properly and fully executed, contend with any
    objections, otherwise communicate with Settlement Class Members about the Settlement, and
27  continue to supervise the administration of the Settlement.

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

15

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206 682.2992

certain factors, known as a "multiplier." *In re Bluetooth*, 654 F.3d at 941–42.[8] Although many of these factors are "subsumed within the initial calculation of hours reasonably expended at a reasonable rate," *Hensley*, 461 U.S. at 434 n.9, the most important of these factors remains the benefit obtained for the class. *See In re Bluetooth*, 654 F.3d at 942 (the reasonableness of fees "is determined primarily by reference to the level of success achieved by the plaintiff"). A historical review of class action settlements shows that the Ninth Circuit has approved lodestar multipliers in the range of 0.6 to 19.6, with most (83%) falling between 1 and 4. *See Vizcaino*, 290 F.3d at 1051 n.6 and appendix.

Here, Class Counsel's fee request of $37,500 is $89,360.98 less than their base lodestar, which results in a *negative* multiplier of 3.38. This means that, if the Court grants the requested 25% fee, class counsel will receive only 29.5% of their actual lodestar—resulting in a significant discount to their hourly market rates—and the remaining money will remain in the Settlement Fund for the Settlement Class Members' benefit. That Class Counsel's requested fees here are significantly lower than their lodestar, despite the presence of factors favoring an upward adjustment of their lodestar, indicates the fee request is eminently reasonable. *See In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2007 WL 4171201, at *16 (N.D. Cal. Nov. 26, 2007) ("The resulting so-called negative multiplier suggests that the percentage-based amount is reasonable and fair based on the time and effort expended by class counsel.").

Unsurprisingly, fee requests of 25% of the fund that result in a negative multiplier are regularly approved in this Circuit. *See Rinky Dink, Inc. v. World Bus. Lenders, LLC*, No. C14-0268-JCC, 2016 WL 3087073, at *4 (W.D. Wash. May 31, 2016) (Coughenour, J.) (granting

---

[8]     In *Kerr v. Screen Extras Guild, Inc.*, the Ninth Circuit identified twelve relevant factors to take into consideration: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 526 F.2d 67, 70 (9th Cir. 1975).

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

16

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206 682.2992

25% fee award with 0.64 negative multiplier, noting the fee request "is especially reasonable in light of what [positive multipliers] courts ordinarily approve"); *In re Skilled Healthcare Group, Inc. Sec. Litig.*, No. CV 09-5416, 2011 WL 280991 at *5 (C.D. Cal. Jan. 26, 2011) (granting fee award of 25% of the fund which "represent[ed] more than a twenty-five percent reduction from [class counsel's] lodestar"); *Young*, 2007 WL 951821, at *8 (granting 31% fee award where class counsel's "negative multiplier suggests that, despite exceeding the 25% benchmark used by some courts, the fees sought here are reasonable based on the time and effort expended by plaintiff's counsel"). Accordingly, the lodestar crosscheck overwhelmingly supports awarding class counsel attorneys' fees of $37,500 or 25% of the Settlement Fund.[9]

## IV.    THE COURT SHOULD APPROVE REIMBURSEMENT OF EXPENSES

Plaintiff seeks reimbursement of counsel's reasonable litigation expenses of $1,666.53. These expenses were sufficiently documented and, through counsel's declarations, were sworn to be reasonably necessary to pursue this litigation. (Rapp Decl. ¶ 17; Bay Decl. ¶¶ 5-6.)

A district court may award reimbursement of expenses in addition to a percentage of a common fund. *See, e.g., In re Infospace, Inc.*, 330 F. Supp. 2d 1203, 1216 (W.D. Wash. 2004) (Zilly, J.) (awarding fees and reimbursement of litigation expenses separately, stating "[c]ounsel in common fund cases may recover those expenses that 'would normally be charged to a fee paying client'"); *see also, e.g., In re Nw. Biotherapeutics Inc. Sec. Litig.*, No. C07-1254-RAJ, 2009 WL 10677091, at *1 (W.D. Wash. July 10, 2009) (Jones, J.) (awarding fees of 25% of the settlement amount and finding that counsel's additional request for reimbursement of an additional $34,579.27 in expenses was reasonable); *In re WSB Fin. Grp. Sec. Litig.*, No. C07-

---

[9]     It should also be noted that, had Class Counsel sought to recover fees under the lodestar method rather than the percentage method, a fee request of their base lodestar ($126,860.98) would have been "presumptively reasonable." *In re Bluetooth*, 654 F.3d at 941 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)); *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1007 (9th Cir. 2002) ("There is a strong presumption that the lodestar figure represents a reasonable fee [and] although a court can adjust the lodestar upward or downward . . . adjustments are the exception rather than the rule.") (citation and quotation marks omitted). That Class Counsel requests a fee award *lower* than its "presumptively reasonable" base lodestar only confirms that its fee request is an appropriate amount to award in this case.

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

17

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1747 RAJ, 2009 WL 10677102, at *1 (W.D. Wash. Mar. 27, 2009) (Jones, J.) (awarding (i) fees of 25% of settlement fund, and (ii) an additional $27,741.59 for reimbursement of expenses, together with interest).

Here, Plaintiff's counsel expended $1,666.53 in actual out-of-pocket expenses for the benefit of the class. (Rapp Decl. ¶ 17.) The Court should approve reimbursement of this amount from the Settlement Fund.

## V.      THE COURT SHOULD APPROVE THE REQUESTED INCENTIVE AWARD

To compensate class representatives for the work they do on behalf of class members, courts typically grant requests for incentive awards, also referred to as case contribution awards. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009). These awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Id.* This Court has discretion to determine the amount of any incentive award. *Ikuseghan v. Multicare Health Sys.*, No. C14-5539, 2016 WL 4363198, at *3 (W.D. Wash. Aug. 16, 2016) (Settle, J.). Relevant factors to consider include "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions . . .  the amount of time and effort the plaintiff expended in pursuing the litigation," and fears of reprisal. *Staton*, 327 F.3d at 977 (internal quotation and citation omitted).

Here, Hanson seeks an incentive award of $5,000, which is entirely reasonable considering that his involvement was essential to the Settlement Class's refunds and the ultimate success of the Settlement and when compared to incentive awards in similar settlements. (Rapp Decl. ¶ 19.) As the Court acknowledged in its preliminary approval order, Plaintiff devoted his own time and effort in pursuing his claims, both for himself and, more importantly, for the benefit of the Settlement Class. (*See* Dkt. 37 at 11 (stating that Hanson "has actively participated in this litigation" and "[h]is efforts led to refunds for potential class members as well as this additional cash settlement"); Rapp Decl. ¶ 20.) Indeed, from the moment the case began, Hanson

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

18

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1    exhibited a willingness to participate and assume the responsibilities of a class representative,

2    namely to ensure the protection of and benefit to the settlement class as a whole, rather than

3    simply furthering his own interests. (*Id.*) More specifically, Hanson assisted Class Counsel

4    throughout the litigation by reviewing the pleadings and other documents filed with the Court,

5    participating in written discovery, and providing class counsel with critical information regarding

6    his personal experiences being charged inactivity fees on his MGM gift cards. (*Id.*) As the case

7    progressed towards settlement, Hanson reviewed, approved, and ultimately signed the Settlement

8    Agreement. (*Id.* ¶ 21.) Without his assistance, neither the inactivity fee refunds nor the

9    Settlement would have been possible. (*Id.* ¶ 22.)

10   Comparing the requested incentive award against those awarded in other cases in the

11   Ninth Circuit only confirms its reasonableness. *See In re Online DVD-Rental*, 779 F.3d at 947

12   (noting that $5,000 is "an amount [the Ninth Circuit] said was reasonable") (citing *Staton*, 327

13   F.3d at 976–77). As it relates to EFTA cases, this amount—or more—is regularly awarded. *See*

14   *CashCall, Inc.*, 2017 WL 5524718, at *15 (awarding $10,000 incentive awards to each class

15   representative in EFTA settlement); *Cody*, 2017 WL 6550682, at *7 (awarding 5,000

16   incentive award to each class representative in EFTA gift card settlement); *Cox*, 291 F.R.D. at

17   483 (finding three $5,000 incentive awards reasonable "given the named Plaintiffs' efforts

18   advancing the interests of the absent class members by retaining counsel with particular

19   experience in consumer class actions and by assisting counsel with case investigations"").

20   Accordingly, the requested award of $5,000 for Plaintiff Hanson is reasonable and should be

21   approved.

22   **VI.   CONCLUSION**

23   For the foregoing reasons, Plaintiff Hanson respectfully requests that the Court enter an

24   Order (i) granting the requested attorneys' fees, expense, and incentive award, and (ii) providing

25

26

27

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

19

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206 682.2992

such other and further relief that the Court deems reasonable and just.[10]

Respectfully submitted,

**DAVID HANSON,** individually and on behalf of the settlement class,

Dated: October 2, 2018                   By: s/ Kevin A. Bay
                                              One of Plaintiff's attorneys

Kim D. Stephens (WSBA No. 11984)
kstephens@tousley.com
Kevin A. Bay (WSBA No. 19821)
kbay@tousley.com
TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Tel.: 206.682.5600
Fax: 206.682.2992

Rafey S. Balabanian*
rbalabanian@edelson.com
Eve-Lynn Rapp (*admitted pro hac vice*)
erapp@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel.: 415.212.9300
Fax: 415.373.9435

Alexander Darr*
darr@darrlawoffices.com
DARR LAW OFFICES
11650 Olio Road, Suite 1000-224
Fishers, Indiana 46037
Tel.: 312.857.3277
Fax: 855.225.3277

*Pro hac vice admission to be sought.*

*Class Counsel*

---

[10] Plaintiff will submit a proposed order awarding attorneys' fees, expenses, and an incentive award contemporaneously with his proposed order granting final approval to the Settlement.

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

20

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1

## **MEET AND CONFER ATTESTATION**

2        Per the Court's standing order, I met and conferred with counsel for Defendants MGM

3   Resorts International and Costco Wholesale Corporation, regarding Plaintiff's Motion for Award

4   of Attorneys' Fees, Expenses, and Incentive Award. Defendants do not oppose Plaintiff's request

5   for attorneys' fees, expenses, and incentive award. Defendants, however, have not reviewed the

6   instant Motion, and therefore reserve their rights to object to statements made in support of the

7   Motion.

8

9                                                      s/ Eve-Lynn J. Rapp

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

21

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206 682.2992

1

## **CERTIFICATE OF SERVICE**

2      I, Eve-Lynn J. Rapp, an attorney, hereby certify that on October 2, 2018, I served the

3 above and foregoing to by causing a true and accurate copy of such paper to be filed and

4 transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

5

6                       s/ Eve-Lynn J. Rapp

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PL.'S MOT. FOR ATTYS' FEES
AND INCENTIVE AWARD
Case No. 2:16-cv-01661 RAJ

22

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992