THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| DAVID HANSON, individually and on behalf of the settlement class,<br><br>*Plaintiff*,<br><br>*v.*<br><br>MGM RESORTS INTERNATIONAL, a Delaware corporation, and COSTCO WHOLESALE CORPORATION, a Delaware corporation,<br><br>*Defendants*. | Case No. 2:16-cv-01661 RAJ<br><br>**[PROPOSED] FINAL JUDGMENT ORDER** |

  This matter having come before the Court on Plaintiff's Motion and Memorandum of Law in Support of Motion for Reasonable Attorneys' Fees, Expenses, and Incentive Award and Plaintiff's Motion and Memorandum of Law in Support of Motion for Final Approval of Class Action Settlement ("Settlement") of the above-captioned matter (the "Litigation") between Plaintiff David Hanson ("Plaintiff" or "Hanson") and Defendants MGM Resorts International and Costco Wholesale Corporation ("Defendants") (collectively the "Parties"), as set forth in the Stipulation of Class Action Settlement between Plaintiff and Defendants (the "Settlement Agreement"), and the Court having duly considered the papers and arguments of counsel, the

[PROPOSED] FINAL JUDGMENT ORDER
Case No. 2:16-cv-01661 RAJ

1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Court hereby finds and orders as follows:

1. All terms and phrases in this Final Judgment Order not otherwise defined herein shall have the same meaning as ascribed to them in the Parties' Stipulation of Class Action Settlement (Dkt. 34-1) (the "Settlement Agreement").

2. This Court has personal jurisdiction over the Parties and all Settlement Class Members and subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto.

3. The Court confirms certification, for purposes of settlement only, of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as "All individuals in the United States who, from October 24, 2010 to the date of Preliminary Approval of the settlement, purchased an MGM Gift Card and were assessed an inactivity fee that was deducted from the balance of funds remaining on the Gift Card." (*See* Dkt. 37.)

4. The Court finds that the Notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order (Dkt. 37) and consisting of direct notice via email and first-class U.S. mail, an interactive settlement website, targeted Facebook advertisements designed to reach members of the Settlement Class, and a toll-free phone number, has been successful and was (1) the best notice practicable under the circumstances, (2) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and their rights to object to and/or exclude themselves from the Settlement Agreement and to appear at the Final Approval Hearing; (3) was reasonable and constituted due, adequate, and sufficient notice to all individuals entitled to receive notice; and (4) fulfilled all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the rules of the Court.

5. No members of the Settlement Class have requested to be excluded from the Settlement, and no Settlement Class Members have objected to any of the terms of the Settlement Agreement.

6. The Court finds that the Settlement Administrator notified the appropriate

[PROPOSED] FINAL JUDGMENT ORDER
Case No. 2:16-cv-01661 RAJ

2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

government officials of the Settlement Agreement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of the CAFA notice and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed between the date the Settlement Administrator provided notice pursuant to CAFA and the Final Approval Hearing.

7. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members are bound by this Final Judgment and by the terms of the Settlement Agreement.

8. This Court gives final approval to the Settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to the Settlement Class Members is reasonable, and in their best interests, considering the total value of their claims compared to the disputed factual and legal circumstances of the Litigation, and the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case and the fact that the Settlement is the result of arms' length negotiations between the Parties support this finding. The Court finds that these facts, combined with the lack of other indicators of collusion and the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). This finding is also supported by, among other things, the fact that the Settlement provides monetary benefits to Settlement Class Members in addition to any refunds of the money paid to Defendants and such benefits are not disproportionate to the attorneys' fees and expenses awarded to Class Counsel or the Class Representative; and the benefits provided to Settlement Class Members are appropriate under the circumstances of this case.

9. The Court has specifically considered the factors relevant to class settlement approval including, *inter alia*, the strength of the Plaintiff's case; the risk, expense, complexity,

[PROPOSED] FINAL JUDGMENT ORDER
Case No. 2:16-cv-01661 RAJ

3

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

and likely duration of further litigation; the risk of not maintaining class action status throughout trial; the relief provided for in the settlement; the extent of discovery completed and stage of the proceedings; the experience and views of counsel; and the reaction of members of the Settlement Class to the proposed Settlement (including the claims submitted and lack of any opt-outs or objections)—and upon consideration of such factors finds that the Settlement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members.

10. The Court finds that the Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

11. Accordingly, the Settlement is hereby finally approved in all respects, and the Parties and their counsel are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

12. This Court hereby dismisses the Litigation, as identified in the Settlement Agreement, on the merits and with prejudice.

13. Upon the Effective Date of this Final Judgment, Plaintiff, the Settlement Class Members, and each of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, vendors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities shall be deemed to have released, and by operation of this Final Judgment shall have, fully, finally, and forever, released, relinquished and discharged Defendants, as well as all of their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliated and related entities, employers, employees, agents, representatives, consultants, independent contractors, directors, managing directors,

[PROPOSED] FINAL JUDGMENT ORDER
Case No. 2:16-cv-01661 RAJ

4

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, insurers, underwriters, shareholders, lenders, auditors, investment advisors, firms, trusts, corporations, officers, and any other representatives of any of these Persons and entities from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, actual, statutory, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations (including "Unknown Claims" as defined in the Settlement Agreement), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged collection of inactivity fees from Settlement Class Members' MGM Gift Cards including all claims that were brought or could have been brought in the Litigation relating to the MGM Gift Cards belonging to any and all Releasing Parties.

14. Upon the Effective Date of this Final Judgment, the above releases of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties.

15. The Court adjudges that the payment of $ _____ in attorneys' fees (the "Fee Award") is fair and reasonable for the following reasons and those stated in Court. In assessing the requested attorneys' fees, the Court has considered the relief achieved for the Settlement Class Members, the time and effort devoted by Class Counsel as demonstrated by their sworn declaration, and the complexity of the legal and factual issues involved. The Court finds that the Fee Award to Class Counsel identified above is fair and reasonable under both a common fund approach and a lodestar approach. *See Vizcaino v.*

[PROPOSED] FINAL JUDGMENT ORDER
Case No. 2:16-cv-01661 RAJ

5

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002) (finding in this Circuit, a 25% fee is the accepted "benchmark" in common fund cases); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) (lodestar approach).

16. The Court further adjudges that the payment of an incentive award in the amount of $_____ (the "Incentive Award") to Mr. Hanson to compensate him for his efforts and commitment on behalf of the Settlement Class is fair, reasonable, and justified under the circumstances of this case. *See Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157 (9th Cir. 2013). Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

17. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

18. The Parties, without further approval from the Court, are hereby permitted to agree to and to adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

19. Without affecting the finality of this Final Judgment for purposes of appeal, this Court shall retain jurisdiction over the Settlement Administrator, Plaintiff, Defendants, the Settlement Class Members, and the Releasing Parties as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and this Final Judgment, and for any other necessary purpose.

**IT IS SO ORDERED.**

Dated this _____ day of November, 2018.

_____
HONORABLE RICHARD A. JONES
UNITED STATES DISTRICT JUDGE

[PROPOSED] FINAL JUDGMENT ORDER
Case No. 2:16-cv-01661 RAJ

6

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

Presented by:

s/ Kevin A. Bay
    One of Plaintiff's attorneys

Kim D. Stephens (WSBA No. 11984)
kstephens@tousley.com
Kevin A. Bay (WSBA No. 19821)
kbay@tousley.com
TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Tel.: 206.682.5600
Fax: 206.682.2992

Eve-Lynn J. Rapp (*admitted pro hac vice*)
erapp@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel.: 415.212.9300
Fax: 415.373.9435

*Class Counsel*

[PROPOSED] FINAL JUDGMENT ORDER
Case No. 2:16-cv-01661 RAJ

7

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992